## PITTS v. UNITED STATES.

### No. 1288.

Municipal Court of Appeals for the
District of Columbia.

Argued March 9, 1953.

Decided March 31, 1953.

Wesley S. Williams and William A. Tinney, Jr., Washington, D. C., for appellant.

Edward A. Beard, Asst. Corp. Counsel, Washington, D. C., Vernon E. West, Corp. Counsel, and Chester H. Gray, Principal Asst. Corp. Counsel, Washington, D. C., on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

In the Juvenile Court a jury found that appellant was the father of an illegitimate child and an order of support was entered.

On a very abbreviated statement of proceedings and evidence appellant alleges two errors.

The first claim of error relates to the admission in evidence of a written agreement between appellant and the mother of the child. This agreement was made about four months after the child was born and about a month after complaint had been filed against appellant in the Juvenile Court. The agreement recited that complaint had been filed and that appellant desired "to make voluntary contribution" for support of the child. By the agreement appellant undertook to make monthly payments to the mother for the child's support until the child reached fourteen years of age, and the mother agreed to "withhold further prosecution" so long as appellant made the payments. The agreement reserved to appellant "the right to plead formally to aforesaid charge * * * if and when it becomes necessary to further proceed in this cause." The purpose of the reservation is not clear, as the record shows that when the agreement was made appellant had already been arraigned and had pleaded not guilty to the charge. When the charge came on for a preliminary hearing the court ordered an entry made to the effect that an agreement had been entered into between the parties for the support of the child and that the case was continued "subject to call of complainant for preliminary hearing." According to the record appellant made payments in accordance with the agreement for almost two years. Presumably he then stopped making payments and the court proceeding was renewed.

■■■ Appellant claims it was error to admit the agreement in evidence against him because, he says, it was a compromise agreement. There are grave doubts that the agreement may be classified as a compromise. It was more in the nature of a voluntary acknowledgment by appellant that he was the father in that he promised to fulfill the paternal obligation of support and did not deny paternity nor hypothetically concede it merely for purpose of settlement.

His superfluous reservation of "the right to plead formally" hardly transformed the agreement into one of compromise. However, if we assume that the agreement was a compromise, appellant is not helped. The rule he seeks to invoke prohibits the admission in evidence of an offer of compromise and in a recent case we held that such rule applies in cases of this nature,[1] but the rule relates to offers of compromise and does not apply to a situation where the offer has been accepted and the offer and acceptance have merged into an agreement.[2] The rule of public policy which encourages compromise and settlement of disputed claims and therefore permits one to make an effort to buy his peace without taking the chance that such efforts, if unsuccessful, will be used against him, has no application where one makes an offer of compromise, has it accepted, and then defaults in performance of his agreement. We think the agreement was properly received in evidence.

The second claim of error relates to the refusal of the trial court to receive in evidence an agreement between appellant and complainant, practically identical with the agreement referred to above and executed on the same day, with respect to another child born to complainant about twenty-one months prior to the birth of the child involved in this proceeding. Appellant desired to show that although complainant had charged him with being the father of the other child, a blood test had excluded him and as a result the charge with respect to the other child had been dropped. Appellant contends that this evidence with respect to the other child should have been received for the purpose of impeaching complainant's testimony with respect to the child here involved.

■■■ We do not reach the question whether this evidence was admissible for the purpose offered, because it is shown by the record that at the commencement of the trial counsel for the Government and counsel for appellant, in the presence of the judge, "stipulated and agreed that during the trial no mention would be made by

1. Harrison v. District of Columbia, D.C. Mun.App., 95 A.2d 332.

2. Hiltpold v. Stern, D.C.Mun.App.; 82 A.2d 123, 26 A.L.R.2d 852.

any witness for either side or by counsel of the fact that a child other than the one involved in the case on trial had been born to the complainant." Obviously the reception of the evidence claimed to have been wrongfully excluded would have been in direct violation of the stipulation and agreement of counsel. Stipulations of counsel, made either before or during the course of a trial, are binding and should be given effect. Of course, when justice requires, a court may set aside a stipulation,[3] but there is no showing here of any circumstances justifying relief to appellant from the stipulation entered into by him through his counsel. We do not know why the stipulation was made but evidently counsel for appellant thought it was advantageous when he made it. No claim is made that it was entered into through inadvertence or misapprehension. In fact, appellant never asked the trial court to set aside the stipulation.[4] His position apparently was that the admission in evidence of the agreement with respect to the child here involved opened the door to admission of evidence respecting the other child. This position was inconsistent with and contrary to his stipulation that no mention would be made of the other child. We think he was bound by his stipulation and it was not error to exclude the proffered evidence.

We think it appropriate to say that the evidence with respect to the other child was never directly offered and expressly excluded. The record shows that when the agreement with respect to the child involved was received, appellant's counsel stated that "if" that agreement was received appellant "should be allowed" to introduce the other, and that the court stated it did not "believe the other agreement would be admissible." The record further shows no offer of proof with respect to the blood test and the withdrawal of the other charge, but only a statement by counsel that such were the facts and a statement by the court that it did not believe such evidence admissible. Thus the error as-

signed is based on a colloquy between court and counsel as to whether certain evidence would be admissible, with the court expressing the belief that it would not be admissible. If error in the exclusion of evidence is to be relied on in the appellate court, there should be a positive offer of such evidence at the trial and a direct ruling on its admissibility.[5]

Affirmed.

3. Laughlin v. Berens, 73 App.D.C. 136, 118 F.2d 193. See also Annotation, 161 A.L.R. 1161.

4. See Dunscombe v. Smith, 139 Fla. 497, 190 So. 796.

5. Chicago City Ry. Co. v. Carroll, 206 Ill. 318, 68 N.E. 1087, 1091.