Marvin REAMER, Appellant

v.

Lawrence M. BLUMENTHAL, Appellee.

No. 2385.

Municipal Court of Appeals for the District of Columbia.

Argued May 11, 1959.

Decided Sept. 18, 1959.

2. In the prior suit appellant was personally served; he did not appear nor answer and a default judgment was entered against him on November 27, 1957.

Wallace L. Schubert, Washington, D. C., Norman S. Bowles, Jr., Washington, D. C., on the brief, for appellant.

Arthur L. Willcher, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Constructive eviction by title paramount was the defense raised by appellant in an action against him for rent for the last one and a half months of a five-year term. Judgment went against him and he has appealed.

The burden was on appellant to establish his defense. To do so he offered evidence which may be divided into two categories. First, he offered evidence tending to show that a portion of the leased premises was public property, i. e., property of the District of Columbia, and that after he had vacated, his landlord, the appellee, had been convicted of occupying public space without a license. The most that this evidence could prove was that a title paramount existed. "However, the mere existence of an outstanding title paramount to that of the landlord does not constitute an eviction." 52 C.J.S. Landlord and Tenant § 448 c.

Although it was not necessary that appellant prove he was actually expelled, it was necessary that he show a yielding "to a hostile assertion of paramount title by one entitled to present possession." Clinton Cotton Mills v. United States, 4 Cir., 164 F.2d 173, 176. Appellant's evidence to show this was his testimony that "he had not paid the February or the March rents * * * that he had vacated * * * sometime during the month of February, 1958, after he had a conversation with Officer E. L. Krim of the Metropolitan Police Department." The officer was not present at trial and according to the record the alleged conversation with the officer was, on objection, excluded. In his brief appellant says the conversation was excluded as hearsay, but the record does not show the ground for exclusion.

It may well be that appellant did not offer the conversation to show the truth of the officer's statements, but instead to show that the officer made an utterance which itself hostilely asserted paramount title, and it would be admissible for that purpose; but unfortunately the record contains no proffer of what the substance of the conversation would have been. Ordinarily, a mere conversation does not amount to a hostile assertion of paramount title. And there was no showing here of any authority of the officer to make such assertion on behalf of the District of Columbia. Furthermore, no claim is made that the officer served any official notice on appellant. In the absence of a proffer, we cannot hold that exclusion of the conversation constituted prejudicial error.

Appellant admitted he gave no notice to appellee of the alleged claim to paramount title by the District of Columbia and gave no notice of his intention to vacate. The trial court found that no grounds for constructive eviction were known to appellant at the time he vacated. On the record before us we find no error.

Affirmed.