Ronald A. HART, Appellant,

v.

Leon CHERNER, Henry Gertler, Samuel Mensh and Henry Cherner, t/a Cherner Motor Company, Appellees.

No. 2897.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 5, 1962.

Decided March 20, 1962.

**920**

Clement Theodore Cooper, Washington, D. C., for appellant

Mark P. Friedlander, Jr., Washington, D. C., with whom Mark P. Friedlander and Blaine P. Friedlander, Washington, D. C., were on the brief, for appellees.

Before QUINN, Associate Judge, CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b), and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

QUINN, Associate Judge.

Ronald A. Hart purchased a used 1956 Ford from the Cherner Motor Company in August 1960 and subsequently brought this action seeking to recover for breach of warranty and fraud. The case was tried to the court without a jury and a finding was entered for the Cherner Motor Company. Hart appeals, contending that the finding was contrary to the evidence and to law.

The transcript shows there were conflicts in the testimony as to what representations had been made at the time of sale, the condition of the car, the circumstances surrounding the selection of this particular car by Hart, and his prior knowledge of its condition and his acquaintance with the former owner. These are merely a few of the conflicting issues which confronted the trial judge. This case actually turned on fact questions—whether certain representa-

tions were made, and, if so, whether they were false.

■ This court has stated time and again that where a verdict or finding is attacked as being unsupported, the power of this court begins and ends with a determination as to whether there is any substantial evidence which will support the conclusion reached by the trier of fact below. When two or more inferences can reasonably be deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court. Kruse v. District of Columbia, D.C. Mun.App., 171 A.2d 752 (1961). As Judge Burger aptly expressed it in Bellevue Gardens, Inc. v. Hill, D.C.Cir., 297 F.2d 185, 186 (1961), " * * * indeed the very integrity of our judicial system rests on no principle more firmly than on that which precludes retrial of fact issues under the form or guise of appellate review."

■ In this case the trial judge concluded there was no breach of warranty or fraud, and the evidence was clearly ample to support the judgment.

Affirmed.