Richard M. RAFEEDIE, Essa M. Rafeedie and Kamil M. Rafeedie, Appellants,

v.

A. R. SEELYE and John Conrad Jones, Appellees.

No. 2893.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 15, 1962.

Decided March 20, 1962.

---

Edmund H. Feldman, Washington, D. C., for appellants.

Leonard C. Collins, Washington, D. C., for appellees.

Before HOOD, Chief Judge, QUINN, Associate Judge, and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

QUINN, Associate Judge.

This action was brought by appellants to recover $1,000 delivered to appellee Seelye, a real estate agent, as a down payment on the purchase of a restaurant from appellee Jones and one John Saich.[1] As a basis for relief, they charged that appellees induced the purchase by means of fraudulent representations concerning the income and operating expenses of the business. At trial only appellants presented evidence; appellees declined the opportunity although their motion for a directed finding at the close

of appellants' case was denied. Thereafter the trial court found for appellees. As set forth in the agreed statement of proceedings and evidence,

"The Court ruled that the plaintiffs had not satisfied the Court, even assuming the truth of all their statements, that they had borne the burden of proving fraud entitling them to the return of their deposits. There had been no evidence to establish that the statements as to what the sellers were doing were not correct and the subsequent operation was by different people at a different time."

The first of the allegedly false representations, that the restaurant was earning $900 weekly, appeared in a local newspaper advertisement listing the business for sale. Attracted by this, appellants visited appellee Seelye, who had placed the notice, to learn more about the enterprise and discuss the terms of purchase. Appellee Seelye reaffirmed the $900 figure, and declared further that the business's payroll was $150 a week and the maximum utility expenses amounted to $115 a month. Negotiations were concluded with a brief tour of the property. Within two weeks appellants signed a formal contract of purchase. Approximately a week later, one of appellants began operation of the business under the guidance of appellee Jones. The results proved disappointing to appellants. At the end of the first week, gross receipts totaled $641 and payroll expenses were $187, not including a $50 salary for one employee temporarily absent. As a consequence, the present action was filed.

It was, of course, an essential step to recovery of the deposit that appellants establish the falsity of appellees' representations, as well as other elements of fraud, by clear and convincing evidence. We must agree with the trial court that appellants failed in this effort with regard to all three representations. The only indication that

---

[1]. Voluntary nonsuit was taken as to Saich when service of process could not be made.

**924**

the estimate of a $150 weekly payroll did not reflect the actual outlay was appellants' subsequent expenditure of $187 (with the prospect of paying an additional $50 weekly) for that single item. But the agreed statement of proceedings and evidence mentions that appellants hired more help after acquiring the business, so they must have expected payroll costs to increase. Moreover, there is nothing in the record to show how much of a financial burden was added to the prevailing payroll by the further hirings.

 Appellants next urge that the representation of $900 weekly income from the business must have been false because they realized but $641 in gross receipts during their week of operation. This disparity alone may suggest falsity but not to the extent of being clear and convincing proof thereof. There are too many factors—weather, to mention one—which may have entered the situation and upset immediate prospects for continued business success. We believe that more positive and persuasive proof, other than evidence of a bad bargain, was required to show that the figure of $900 was substantially inaccurate.

Finally, it is argued that the trial court improperly deprived appellants of an opportunity to prove fraud in the representation of utility expenses by excluding testimony of an alleged statement by John Saich as an admission against appellees. The answer to this contention is that no proffer of the purported statement was made in the trial court.[2] Furthermore, appellants did not establish a basis for introducing the statement as an admission against appellee Jones. Co-ownership alone did not supply this need. A statement by one owner respecting joint property may be asserted as an admission against his co-owner, but this is not true with regard

to tenants in common.[3] And appellants did not show which relationship existed between Saich and appellee Jones. Nor was there proof that the two men operated the business together as partners.[4] Nothing in the record discloses what their agreement was or what their respective interests were in the business, and for this additional reason, it was not error to exclude the disputed testimony.

Affirmed.

2. See, e. g., Reamer v. Blumenthal, D.C. Mun.App., 154 A.2d 364 (1959); Pitts v. United States, D.C.Mun.App., 95 A.2d 588 (1953).

3. The New Orleans, 106 U.S. 13, 1 S.Ct. 90, 27 L.Ed. 96 (1882); 20 Am.Jur., Evidence § 589.

4. See Annotation, 150 A.L.R. 1003.