**UNITED STATES of America,
Appellee,**

v.

**Warren Dora MILLER, Appellant.**

**No. 560, Docket 29530.**

United States Court of Appeals
Second Circuit.

Submitted July 26, 1965.

Decided Dec. 13, 1965.

Donald Edward Gilbert, New York City, on the brief for appellant.

Robert M. Morgenthau, U. S. Atty., Southern District of New York, R. Harcourt Dodds, and Neal J. Hurwitz, Asst. U. S. Attys., on the brief for appellee.

Before LUMBARD, Chief Judge, and HAYS and ANDERSON, Circuit Judges.

PER CURIAM:

Warren Dora Miller appeals from his conviction on four counts of violation of the federal narcotics law, 21 U.S.C. §§ 173, 174, 26 U.S.C. §§ 4705(a), 7237(b), and five year concurrent sentences imposed on October 26, 1964, after a trial in the United States District Court for the Southern District of New York, before Judge Bryan, without a jury. Miller argues that the verdict was against the weight of the evidence and that a confession was improperly introduced against him.

As to the first claim, the record discloses that each of the two narcotics transactions alleged in the indictment were sales to narcotics agent Coursey, who testified in full to the defendant's participation in the transactions. His testimony was in part corroborated by the testimony of two other agents. Mil-

ler's defense was based solely on his own testimony denying that he had taken part in the sales. The trial court had ample basis for resolving the differences in favor of the government.

Miller's only other assignment of error is the reception into evidence of a question and answer statement made before an Assistant United States Attorney prior to his arraignment. He contended at trial and on this appeal that the statement made at 11:15 A.M. was involuntary and coerced, a product of his having had no sleep the night before and of threats made by the two arresting agents relating to Miller's custody of his son if he did not confess. These allegations were countered at trial by the testimony of a stenographer describing Miller's condition at the time he was interviewed by the Assistant United States Attorney, and by the testimony of the arresting agents who testified that no threats were made in the course of interviewing Miller. Judge Bryan resolved the issue of credibility in favor of the government and determined that the confession was not involuntary and not a product of threats made by the agents. Viewing the testimony in a light most favorable to the government, we cannot say that the district court erred in finding for the government on these issues.

Miller also argues in his brief on appeal that the statement should have been excluded because it was taken in the absence of counsel and during a period of illegal detention, in violation of Rule 5(a), Federal Rules of Criminal Procedure. These objections were not made to the trial court and we will not consider them here. Miller's trial having occurred in October 1964, after the Supreme Court's decision in Escobedo v. State of Ill., 378 U.S. 478, 84 S.Ct. 1758, 12 L. Ed.2d 977 the failure to object has deprived the trial court of the opportunity to take evidence and pass upon the objections, and precludes our entertaining these claims made for the first time on this appeal. United States v. Indiviglio, 352 F.2d 276 (2 Cir. 1965) (right to counsel); United States v. Torres, 343 F.

2d 750, 752 (2 Cir. 1965) (Rule 5(a));
United States v. Ladson, 294 F.2d 535,
538–540 (2 Cir. 1960), cert. denied, 369
U.S. 824, 82 S.Ct. 840, 7 L.Ed.2d 789
(1962) (Rule 5(a)).

Affirmed.