**UNITED STATES of America,
Appellee,**

v.

**Joseph James PERCODANI, Appellant.**

**No. 464, Docket 29648.**

United States Court of Appeals
Second Circuit.

Argued June 17, 1966.

Decided July 13, 1966.

Barry J. Brett, New York City (Parker, Chapin & Flattau, New York City, Anthony F. Marra, New York City, on the brief), for appellant.

Roger Goldburg, New York City (Robert M. Morgenthau, U. S. Atty., for Southern District of New York, Michael W. Mitchell, New York City, on the brief), for appellee.

Before HAYS, ANDERSON and FEINBERG, Circuit Judges.

PER CURIAM.

Joseph James Percodani appeals from a judgment of conviction of theft of an interstate shipment of merchandise, 18 U.S.C. § 659 (1964), entered after trial by jury before the Honorable Thomas F. Murphy in the United States District Court for the Southern District of New York. The conviction of appellant's co-defendant was previously affirmed by this court. United States v. Casalinuovo, 350 F.2d 207 (2d Cir. 1965). Appellant urges that the court below erred in admitting inculpatory statements and in charging the jury as to voluntariness of the statements.

 As to the first point, appellant offers a number of reasons for excluding the statements. First, he claims that unnecessary delay in his arraignment required exclusion under Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L. Ed.2d 1479 (1957). The sparse record as to delay, attributable no doubt to the absence of any objection below, indicates that the FBI took appellant into custody at 11:00 A.M., left their headquarters at 2:30 P.M. taking appellant to his hotel at his request so that he could check out, and by 3:15 P.M. brought him before the commissioner. On these bare facts, and in the absence of objection below, we decline to find plain error. United States v. Miller, 353 F.2d 724, 725 (2d Cir. 1965). Appellant also claims error in Judge Murphy's preliminary ruling that Percodani's statements to the FBI were made voluntarily. Confronted with conflicting versions of the facts, Judge Murphy refused to credit defendant's. Since we did not observe the witnesses, we will not substitute our judgment as to who was telling the truth for that of the trial judge. United States v. Miller, supra;

United States v. Alvarado, 321 F.2d 336, 339 (2d Cir. 1963), cert. denied, 375 U.S. 987, 84 S.Ct. 522, 11 L.Ed.2d 474 (1964). Finally, appellant at oral argument urged that Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), decided four days before, requires reversal because the warnings mandated by that case had not been given to appellant before in-custody interrogation began and because appellant did not expressly waive his rights to remain silent and to have an attorney present. However, Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), has since made clear that *Miranda* is not retroactive. Before questioning began, appellant was advised that he did not have to make any statement, that any statement could be used against him, that he had the right to consult an attorney before making any statement, and that if he could not afford an attorney, the judge would appoint one for him. Appellant did not request an attorney and answered questions. Under the circumstances of this case, the pre-*Miranda* decisions do not require reversal.

 Percodani also claims that, although the court properly charged that the government had the burden of proof beyond a reasonable doubt, the court erred in failing to charge specifically that the jury had to be convinced beyond a reasonable doubt that the statements were voluntary. Although defense counsel excepted to another aspect of the charge (not raised on appeal), as to this element he neither submitted a prior request, cf. Fed.R.Crim.P. 30, nor took any exception later. Rather, counsel complimented the court, remarking, "[Y]our charge was eminently fair." Under these circumstances, the specific objection to the charge now made for the first time in this court will not be considered. United States v. Indiviglio, 352 F.2d 276 (2d Cir. 1965) (en banc), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966).

The court wishes to express to Barry J. Brett its gratitude for his conscientious and able handling of this appeal.

Judgment affirmed.