Maurice **DEANS**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 20238.**

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 9, 1966.

Decided Dec. 21, 1966.

Mr. Martin Fleit, Washington, D. C. (appointed by this court), for appellant.

Mr. James A. Strazzella, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Harold H. Titus, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, BURGER, Circuit Judge, and EDWARDS,* Circuit Judge for the United States Court of Appeals for the Sixth Circuit.

PER CURIAM:

Appellant was convicted of transferring marihuana unlawfully, 26 U.S.C. § 4742(a), and of obtaining marihuana without prepayment of the tax, 26 U.S.C. § 4744(a), and was sentenced to ten years on the first, and five years on the second conviction, the sentences to run concurrently. We find no grounds for reversal.

Only one matter revealed by the record deserves comment. A Bureau of Narcotics agent testified at trial that he delivered a notice to appellant in jail that he was required to produce an official order form indicating that he had paid the tax on a transfer of narcotics. He also testified that he asked appellant whether he had paid the tax "on any marihuana he may have possessed," and that appellant stated he was unaware of such a form and had not paid a tax pursuant to it. This testimony might raise questions under Escobedo v. State of

---

* Sitting by designation pursuant to 28 U.S.C. § 291(a).

Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and Killough v. United States, 119 U.S.App.D.C. 10, 336 F.2d 929 (1964) which were not urged at any stage until we inquired about them at oral argument. Because they were not raised below, and because the sentence imposed for failure to pay the tax is shorter than the concurrent sentence imposed for unlawful possession, we do not reach these questions. See United States v. Indiviglio, 352 F.2d 276 (2d Cir. 1965); Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943).

Affirmed.

Fahy, Circuit Judge, dissented.