Louis D. REED, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 4060.

District of Columbia Court of Appeals.

Argued Dec. 19, 1966.

Decided Feb. 15, 1967.

**582**

Richard K. Lyon, Washington, D. C., with whom Dimitri P. Mallios, Washington, D. C., was on the brief, for appellant.

Ted D. Kuemmerling, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, Hubert B. Pair, Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Appellant was convicted of committing a lewd, obscene and indecent act[1] in a rest room on the fourth floor of a downtown department store. He claims five errors.

First, it is argued that because the offense was of a homosexual nature, there was insufficient corroboration as required by Kelly v. United States, 90 U.S. App.D.C. 125, 194 F.2d 150 (1952). *Kelly* laid down the rule that the testimony of a single witness to a verbal invitation to sodomy should be received and considered with great caution,[2] that in such cases evidence of good character is particularly applicable and that the trial court in such cases should require corroboration, of the circumstances surrounding the parties at the time "such as presence at the alleged time and place and similar provable circumstances." (90 U.S.App.D.C. at page 130, 194 F.2d at page 155.)

1. D.C.Code 1961, § 22–1112(a).

2. In the present case there was testimony as to three acts by appellant: (1) his exposure of himself in an indecent manner, (2) his touching the complaining witness, and (3) his remark which could be interpreted as an invitation to sodomy.

■ .In the present case there was the testimony of only one witness' to the act, a police officer in plain clothes. As *Kelly* was cited to the trial court in a motion for directed verdict at the close of the government's evidence and in final argument, we must assume that the trial court was fully aware of the rules announced in *Kelly* and that the testimony of the officer was received and considered with great caution.

■ With respect to corroboration of the presence of the officer and appellant at the time and place, it appears no corroboration was needed as appellant admitted being in the washroom when the officer entered.[3] In addition, there was testimony by another officer that he saw the arresting officer come out of the rest room with appellant in his custody.

■ Appellant's main argument with respect to corroboration is based upon the arresting officer's testimony that immediately prior to the arrest, an unidentified man, who was also in the rest room, 'left the room. Appellant argues that there was available to the government a "material witness to the alleged commission of the indecent act of appellant," and that because the arresting officer did not detain the witness, or obtain his name and address; it must be concluded that the witness's testimony would not have supported the officer's testimony. Appellant characterizes this as a "deliberate failure on the part of the police to avail themselves of this readily available source of corroboration." The weakness in this argument is that there is no solid foundation in the record to indicate that the second man witnessed the acts and conduct of appellant.

The only reference to the second man is the officer's statement that as he reached in his pocket for his badge preparatory to making the arrest, the second man immediately left. On cross-examination the officer stated he had no conversation with the second man and made no attempt to stop him from leaving because he had committed no violation of the law. The officer was not asked on cross-examination if the second man saw or was in a position to see appellant's actions. Appellant in his testimony made no reference to the second man. On this record we are not willing to hold that the arresting officer intentionally or negligently failed to obtain the identity of a corroborating witness.

■ Appellant's second contention is that the trial court failed to find that appellant was entrapped. No claim of entrapment was advanced at trial and there is nothing in the record to support such a claim.

The third contention is that the police obtained a confession of guilt from the appellant in violation of his constitutional rights. This claim rests on the testimony of the arresting officer who testified without objection that when appellant was being taken to police headquarters in a police car, he first advised appellant "of his rights." Then, in the presence of two other policemen in the car, he recited the same facts to which he had testified and asked appellant if the facts were correctly stated. Appellant replied they were. The officer further testified without objection that at headquarters he asked appellant why he had acted as he did and appellant offered an explanation for so acting. A second officer corroborated both the conversation in the car and the one at headquarters.

■ Appellant insists that these admissions by appellant were inadmissible under the rulings in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966). For several reasons we do not agree. *Miranda* applies only to trials

3. Appellant testified he entered the rest room about 8:00 p.m.; the officer testified that the arrest occurred at 8:40 p. m.; and appellant offered an explanation for his lengthy stay in the rest room.

begun after June 13, 1966,[4] and this case was tried in May 1966. With respect to *Escobedo,* it should be noted that the evidence complained of was received without objection or claim that it violated *Escobedo.*

Where an *Escobedo* question is not raised at trial, thereby affording consideration by the trial court, the question will not be considered on appeal.[5] Furthermore, even under *Miranda* a defendant may waive his rights if the waiver is made "voluntarily, knowingly and intelligently." Here the officer testified that the admissions were made after appellant had been advised "of his rights." No attempt was made on cross-examination to have the officer elaborate on this statement. In view of the failure to object to the admissions and the failure to cross-examine respecting appellant being advised of his rights, the only conclusion is that appellant, a man of intelligence and education, voluntarily, knowingly and intelligently waived his right to remain silent.

The fourth claim of error asserts that the trial court failed to give sufficient weight to appellant's character witnesses. In reaching its finding of guilt, the trial court expressly commented upon the evidence of good character. It is evident that the trial court gave due consideration to the character evidence but found it outweighed by the direct testimony.

The final claim is that the trial court failed to permit appellant to explain his presence at the scene preceding his commission of the offense. Appellant testified to his activities on the day in question from 8:30 in the morning until 7:00 in the evening. At that point the trial court interrupted by asking what that testimony had to do with the issue before the court. Counsel replied that "we're just leading up to the events of why he was there." The court instructed counsel to "get down to the issue" and counsel without objection proceeded to ask appellant to tell what happened at the department store. Appellant then told what happened just prior to his entering the store and the occasion for his going to the rest room. If counsel wished to have appellant explain his presence in the vicinity of the store, he did not make his desire known to the trial court and made no proffer of the desired testimony. We find no error in this respect.

Affirmed.

---

4. Wright v. United States, D.C.App., 224 A.2d 475 (1966). See also Stith v. United States, D.C.Cir., 374 F.2d 309, decided Jan. 24, 1967.

5. Deans v. United States, D.C.Cir., 374 F. 2d 284, decided December 21, 1966; United States v. Bolden, 355 F.2d 453 (7th Cir. 1965), cert. denied, 384 U.S. 1012, 86 S.Ct. 1919, 16 L.Ed.2d 1018 (1966); United States v. Miller, 353 F.2d 724 (2d Cir. 1965); Tyree v. United States, 351 F.2d 611 (5th Cir. 1965).