Patrick Francis **WILSON**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 5032.

District of Columbia Court of Appeals.

Argued Nov. 18, 1969.

Decided Jan. 28, 1970.

**514**

Edward Jasen, Washington, D. C., with whom John B. Middleton, Washington, D. C., was on the brief, for appellant.

James L. Lyons, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Oliver A. Houck, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and KELLY and KERN, Associate Judges.

PER CURIAM:

After a nonjury trial appellant was found guilty of threats to do bodily harm to his wife.[1] We have considered his four claims of error and for reasons hereafter stated, we affirm.

 Appellant, having had an opportunity to fully cross-examine the complaining witness, was not entitled of right to recall the witness for further cross-examination.[2] It was a matter within the discretion of the trial court and we find no abuse of discretion.

The trial court properly ruled that if appellant recalled the complaining witness as his witness, he would not be permitted to impeach her. Absent surprise, one cannot impeach his own witness.[3] Appellant was seeking to circumvent the ruling of the trial court that the witness could not be recalled for cross-examination.

 The trial court properly refused to allow appellant to testify to events occurring after the date of the offense. Appellant made no proffer of the excluded testimony[4] other than he wished "to cast dis-

1. D.C.Code 1967, § 22–507.

2. Kitchen v. United States, 95 U.S.App. D.C. 277, 221 F.2d 832 (1955), cert. denied, 357 U.S. 928, 78 S.Ct. 1378, 2 L.Ed.2d 1374 (1958); Buder v. Bell, 306 F.2d 71 (6th Cir. 1962); Johnson v. United States, 207 F.2d 314 (5th Cir. 1953), cert. denied, 347 U.S. 938, 74 S. Ct. 632, 98 L.Ed. 1087 (1954); Jackson v. District of Columbia, D.C.App., 200 A.2d 199 (1964). See Bales v. State, Okl.Crim., 429 P.2d 1014 (1967), cert.

denied, 390 U.S. 966, 88 S.Ct. 1074, 19 L.Ed.2d 1168 (1968).

3. Belton v. United States, 104 U.S.App. D.C. 81, 259 F.2d 811 (1958). See People v. Graham, 191 Cal.App.2d 521, 12 Cal.Rptr. 893 (1961).

4. McCurley v. National Savings & Trust Co., 49 App.D.C. 10, 258 F. 154 (1919); Reed v. District of Columbia, D.C.App., 226 A.2d 581 (1967); Pitts v. United States, D.C.Mun.App., 95 A.2d 588 (1953).

parity on the elements of the offense". Testimony concerning the wife's conduct at a later time would not shed light on whether or not the offense was committed, and appellant's testimony concerning his own conduct after commission of the alleged offense would have been merely self-serving.[5]

The claim that the finding of guilt was contrary to the evidence is not supported by the record.

Affirmed.

5. *See* State v. Cerce, 22 N.J. 236, 125 A.2d 689 (1956); State v. Leo, 80 N.J.L. 21, 77 A. 523 (1910).