**Clarence W. DICKASON, Appellant,**

v.

**Helen E. DICKASON, Appellee.**

**No. 4830.**

District of Columbia Court of Appeals.

Argued Jan. 9, 1970.

Decided March 24, 1970.

Herman Miller, Washington, D.C., for appellant.

Leroy Nesbitt, Washington, D.C., for appellee.

Before KERN, Associate Judge, CAYTON, Chief Judge, Retired, and QUINN, Judge, Retired.

KERN, Associate Judge.

This is an appeal from a judgment of absolute divorce granted appellee-wife upon the uncontested ground of voluntary separation. Appellant argues that he was denied opportunity at trial to present evidence that three pieces of real property recorded in the individual names of the parties were in fact jointly owned by them.

Appellee testified at trial that she owned two of the properties, and that her husband owned the third; and that they had purchased and held all three pieces of realty as tenants by the entirety during their marriage until 1962, when they reconveyed and recorded the realty as individually owned.[1]

---

1. Counsel represented to the court that the deeds were executed in June, 1962, but were not recorded until October, 1962.

At the conclusion of appellee's case appellant's attorney stated (R. at 37) :

> Our position, Your Honor, is that they *do own these three properties jointly* and *as tenants by the entirety, and that there were agreements.* And *our side will bring that forth* as to what the agreements were * * *. (Emphasis added.)

Appellant's attorney made a further proffer of testimony by appellant that appellee and he had agreed to cancel the deeds conveying the jointly-held property to themselves as individuals *before* such deeds could be recorded and that appellee, without appellant's knowledge, had not abided by such agreement and proceeded to record the deeds.[2] (R. at 46–47).

The trial court at this point took the position that it was not interested in hearing any evidence on the issue of ownership of the property beyond what appeared as a matter of *record* title.[3] The reason for the court's action is unclear. The pre-trial order framing the several issues for determination stated among others :

> What are the respective interests of the parties in the *jointly owned* items of real property [the three parcels] ? The issue has been certified to this court for

enclosure in this case by an order of the United States District Court * * *.[4]

(Emphasis added.)

The trial court recognized the pendency of this issue when it stated at the trial's outset that "the action for divorce itself is uncontested * * * and * * * the contest *concerns itself with the property of the parties and the disposition thereof.*" R. at 3 (emphasis added). However, the trial court explicitly did not make any findings with respect to *actual* ownership, but merely confined itself to *record* title despite appellant's contention and proffer.

■ There is, of course, no question that the trial court had authority to hear and determine the issue appellant raised. D.C.Code 1967, § 11–1141(a) (9) provides that the Domestic Relations Branch has exclusive jurisdiction of

> determinations and adjudications of property rights, both real and personal, in any [divorce action], irrespective of any jurisdictional limitation imposed on the Court of General Sessions.

We have held that this Section permits the court hearing a divorce action "to adjudicate the respective rights of the parties in any or all property *to which one or the*

---

2. While appellant's proffer may have been inartful it was sufficient to inform the trial court, and a reviewing tribunal, of the intended proof and its relevance to the issue to be decided. *See, e. g.,* Marrone v. United States, 355 F.2d 238, 240 (2d Cir. 1966). The dissent concludes that no such agreement existed based upon statements made by appellee and her attorney. However, the record shows that when appellee was asked on cross-examination whether she had "any agreement whatsoever with your husband, either oral or written, concerning these properties", she answered, "I don't remember". When the trial court inquired of her counsel if he had "an agreement of the parties", because "[t]his ·is an * * * equity court [and] [w]e want justice to be done in the case", counsel did not deny there was an agreement but referred only to the deeds of record.

3. The following colloquy occurred (R. at 48–49) (emphasis added):
   THE COURT: This is what I am concerned with—what is *of record.* It is presently in the name of Mr. Dickason, *as of record.* The property on 19th Street and the property on S Street are in the name of Mrs. Dickason, *as of record.*
   MR. MILLER : Yes, sir.·
   THE COURT : They are in the sole names of each individual and not held jointly, *of record.* Is that correct?
   MR. MILLER : Yes, sir.
   THE COURT : And I will not pursue the issue any further, sir. * * *

4. The District Court order is not a part of the record before us.

*other makes claim."* Posnick v. Posnick, D.C.Mun.App., 160 A.2d 804, 807 (1960) (emphasis added). It was appropriate for the trial court, which was hearing the divorce proceedings, to resolve the issue between the spouses of ownership of property, particularly when the District Court had certified that issue to the trial court.

We do not deny the possibility that appellant's proof would have failed to establish that the properties were jointly owned as a result of their alleged agreement to cancel the deeds. In addition, since the Statute of Frauds, D.C.Code 1967, § 28–3502 appears to apply to an agreement to *rescind transfer* of real property as well as an agreement to transfer, the entry of summary judgment for appellee might have been justified if appellant had relied entirely on an oral agreement. Nevertheless, appellant should have had an opportunity at least to present his evidence. We cannot speculate on how the court might have resolved the issue if it had undertaken to do so. *See* Solway Decorating Co. v. Merando, Inc., D.C.App., 240 A.2d 361, 363 (1968) (Hood, C. J., dissenting), *rev'd in part,* U.S.App.D.C. (No. 21,869, decided Aug. 9, 1968) (unpublished).

We reverse the judgment and remand this case for a further hearing by the trial court at which appellant will have opportunity to present evidence on the question of the *actual title* to the three properties in question. If it should find any such properties to be held by the parties jointly, it should make appropriate disposition under D.C.Code 1967, § 16–910.

Reversed and remanded for further proceedings in accordance with this opinion.

---

1. Argent v. Argent, 130 U.S.App.D.C. 46, 48, 396 F.2d 695, 697 (1968).

2. *Id.* at 697.

3. The only allegation in the case at bar is one of joint ownership. Thus, the question of any other legal or equitable interest is not before us, nor was it before the trial court. *See* Mazique v. Mazique, 123 U.S.App.D.C. 48, 51, 356 F.2d 801,

QUINN, Judge, Retired (dissenting).

I not only disagree with the result reached by the majority, but with the method used to reach it. Therefore, I respectfully dissent.

The jurisdiction of the Domestic Relations Branch of the Court of General Sessions to *"award* and *apportion"* property [1] is limited to that held in "joint tenancy or tenancy by the entirety." D.C.Code 1967, § 16–910. Under D.C.Code 1967, § 11–1141(a) (9), this branch of the trial court has jurisdiction to *"determine* and *adjudicate"* the property rights of the parties.[2] Reading the two jurisdictional grants together, the determination and adjudication to be made in this case is whether there is jointly held property. If there is such property, the Domestic Relations Branch may award and apportion it. If there is no jointly held property, the court's jurisdiction in this regard is over. [3]

Thus, the function of the trial court in the first instance was to determine whether there was in fact jointly held property. The court, in its findings of fact held: "That at the hearing of this action, there is no jointly held property between the parties of record." The majority reads "of record" as a determination by the trial court that it had no jurisdiction under § 16–910 of the Code to look beyond record title. This reading goes against the entire concept of judicial review.

The jurisdiction of this court is limited to a determination of whether there was sufficient competent evidence in the record to support the finding of fact.[4] Error is not presumed; in fact, the opposite pre-

---

804, cert. denied, 384 U.S. 981, 86 S.Ct. 1882, 16 L.Ed.2d 691 (1966) ; Wheeler v. Wheeler, 88 U.S.App.D.C. 193, 195, 188 F.2d 31, 33 (1951) ; Richardson v. Richardson, 72 App.D.C. 67, 69, 112 F.2d 19, 21 (1940).

4. *See* D.C.Code 1967, § 17–305(a) ; Freas v. Gitomer, D.C.App., 256 A.2d 573 (1969) ; Hart v. Cherner, D.C.Mun.App., 178 A.2d 919 (1962).

sumption is the correct one.[5] It is not the function of this court to "guess at" the reason a trial court finds a fact. Joint ownership was not found to exist. The review here is: Does the record support the finding?

The record shows that two of the properties in question were held solely in the name of the appellee and one in the name of appellant. Appellant urges here, as he did below that there was an agreement to transfer these properties to the joint ownership of the two parties. It is obvious from the record that appellant was on a general "fishing expedition" to find the "alleged agreement". The majority's statement, in sua sponte raising the Statute of Frauds, that appellant's proffer did not describe the agreement as being in writing is not borne out by the record. The proffer was that an agreement existed, and that it was in the possession of appellee or her counsel. The court at that juncture requested that any agreement between the parties be produced by appellee or her counsel. The appellee testified under oath that she did not know of such an agreement. Her counsel represented to the court that he had no knowledge of any agreement.

The majority remands this case for a determination whether appellant can show the agreement or other evidence of the agreement's existence. No showing of the agreement was made by appellant at the original trial. Indeed, no proffer was made of the agreement nor of any "other evidence" of the agreement.[6] Thus, the proffer was in itself insufficient.[7] It is not the function of this court to provide a litigant with unlimited chances to prove his case.

The finding of fact as to ownership is sustained by the record, and the case should be affirmed.

5. Packard v. United States, D.C.Mun.App., 77 A.2d 19, 21 (1950) (and cases cited therein).

6. Appellant in asserting the existence of an agreement urged that appellee in four previous and the one pending domestic relations actions alleged in her pleadings the joint ownership of the properties. The record shows this assertion to be without merit. The only allegation made by the appellee in this case was that the properties had been *purchased* jointly. All of the evidence showed that the properties were not now so owned.

7. Pitts v. United States, D.C.Mun.App., 95 A.2d 588, 590 (1953). *See* Wilson v. United States, D.C.App., 261 A.2d 513 (decided January 28, 1970) (and cases cited therein).