**Jermaine JACKSON, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 07–CM–204.

District of Columbia Court of Appeals.

Submitted Jan. 26, 2010.

Decided Feb. 12, 2010.*

Matthew C. Leefer, Boonsboro, MD, was on the brief for appellant.

Channing D. Phillips, Acting United States Attorney at the time the brief was filed, and Roy W. McLeese III, April Fearnley, and Karen L. Ditzler, a member of the New York Bar, Assistant United States Attorneys, were on the brief for appellee.

Before GLICKMAN, Associate Judge, and PRYOR and FERREN, Senior Judges.

PER CURIAM:

At the conclusion of a non-jury trial, Jermaine Jackson was convicted of criminal neglect of a vulnerable adult, in violation of D.C.Code § 22–934 (2009 Supp.). He challenges the legal sufficiency of the evidence. Viewing the facts in the light most favorable to the government, we find

---

* The decision in this case was originally released as a Memorandum Opinion and Judgement on February 12, 2010. It is being published upon the court's grant of appellee's motion to publish.

that there was sufficient evidence to support his conviction and affirm.

## I.

The complainant, an individual with severe mental retardation, lived as a resident in an assisted living group home located in Washington, D.C., where appellant was employed as a caregiver. Appellant's supervisor, Brenda Biggs–Jones, testified that on April 14, 2006, she observed scratches on the complainant's neck, marks behind his ears, bruises on his face and the side of his body, and scratches on his back. Tiffany Baltimore, another caregiver at the group home, testified that later that day she observed red scratch marks on the complainant, approximately three to four inches long. After the complainant told caregivers at the home that appellant beat him up, he was taken to a hospital. Jonathan Rich, a patient abuse coordinator for the D.C. Office of the Inspector General, Medicaid Fraud Unit, met with the complainant at the hospital and observed that he had a bruise on the side of his face, abrasion marks under his ear, and scratch marks on his back. Appellant testified there was an altercation on the evening of April 13, but that the complainant provoked it and also that he notified his co-workers at the group home, and attempted to notify a supervisor. The government presented two rebuttal witnesses, a nurse at the home and another caregiver, both of whom were on duty the evening of April 13, who testified that they were not told by appellant about the altercation and did not learn about it until the next day. Photographs presented at trial showed the injuries sustained by complainant were severe abrasions which were easily noticeable by a lay person. The government presented evidence that appellant did not perform his duties as required by Careco, the organization that operates the group home. Appellant's supervisor testified that he was not contacted by appellant on the evening of April 13. The nurse testified that he was not aware of and, contrary to appellant's testimony, did not treat the complainant's injuries on April 13. Appellant testified that he wrote a summary of the events that evening, which he intended to discuss with his supervisor in order to learn how best to write an incident report. The government presented evidence that appellant attended training sessions and received specific instructions regarding interactions with volatile patients, and that such instructions included contacting his supervisor immediately and filing an incident report within twenty-four hours.

No medical doctor was called as a witness by the government.

## II.

▮▮▮ The statute under which appellant was convicted provides that:

A person who knowingly, willfully or through a wanton, reckless or willful indifference fails to discharge a duty to provide care and services necessary to maintain the physical and mental health of a vulnerable adult, including but not limited to providing adequate food, clothing, medicine, shelter, supervision and medical services, that a reasonable person would deem essential for the well-being of the vulnerable adult is guilty of criminal negligence.

D.C.Code § 22–934. Since this challenge is solely to the sufficiency of the evidence, we reiterate all of the evidence in the light most favorable to the government. *See Cunningham v. United States*, 974 A.2d 240, 243 (D.C.2009) (citing *Smith v. United States*, 809 A.2d 1216 (D.C.2002)). It is the "province of the trier of fact to determine the credibility of the witnesses and to make reasonable inferences from the evi-

dence presented. All reasonable inferences must be drawn in favor of the government...." *Smith,* 809 A.2d at 1221. Evidence is insufficient "when viewed in the light most favorable to the government, [it] is such that a reasonable juror must have a reasonable doubt as to the existence of any of the essential elements of the crime." *Curry v. United States,* 520 A.2d 255, 263 (D.C.1987).

The theory of the government's case is that appellant's behavior constituted neglect of care which a reasonable person would consider "essential for the well-being of the vulnerable adult."[1] Appellant argues that his motion for judgment of acquittal should have been granted because a reasonable factfinder would have a reasonable doubt as to whether medical attention was "essential for the well-being" of complainant or "necessary to maintain ... [his] health" in the absence of medical testimony.

We note that in some cases a medical opinion may be necessary to demonstrate neglect. In *In re M.D.,* 758 A.2d 27 (D.C. 2000), we held that expert medical testimony was needed where the only evidence of appellant's inadequate care of her son's eczema was the fact that the condition did not improve and her own testimony that it seemed to her like she did not know how to apply cortisone cream correctly and may have been mistreating him. *See id.* at 29, 32. We explained that the "subject of proper medical treatment for eczema is not within 'the realm of common knowledge and everyday experience,' " and therefore the court could not properly infer that because the child's eczema did not improve, appellant's efforts were inadequate. *See id.* at 32 (quoting *Beard v.*

*Goodyear Tire & Rubber Co.,* 587 A.2d 195, 200 (D.C.1991)); *cf. Poole v. United States,* 929 A.2d 413, 415 (D.C.2007) (interpreting the offense of criminal abuse of a vulnerable adult, D.C.Code § 22–933 (2009 Supp.), and holding that evidence of "physical pain or injury" was sufficient where complainant testified that he was "hurt" as a result of appellant's use of affirmative force, and complainant's caregivers testified to the injuries they observed).

We decline to hold, however, that a medical opinion is always required to establish that a caregiver neglected to provide necessary medical care. In contrast to the facts of *In re M.D.,* appellant in the present case did not take any steps to ensure the complainant's health needs. Appellant, who engaged in a physical altercation with the complainant, knew that the altercation left the complainant with bruises and scratches. A reasonable factfinder could find that an adult with severe mental retardation who is involved in a physical altercation such as is presented here, would need medical attention because of the obvious significant bruising on his person and his limited ability to communicate regarding the events that transpired. Further, a reasonable factfinder could choose to discredit appellant's testimony that he attempted to contact his supervisor and that he told his co-workers of the altercation, prompting an examination by the staff nurse. Indeed, the trial judge made a specific finding that she did not credit parts of appellant's testimony. Based on these findings, a reasonable factfinder could conclude that, under the statute, appellant failed to take steps that a "reasonable person would deem essential for the well-being" of the complainant.

1. For the purposes of criminal neglect charge, D.C.Code § 22–932 defines a vulnerable adult as a "person 18 years or older who has a physical or mental condition which substantially impairs the person from adequately providing for his or her own care or protection." It was undisputed at trial that complainant was a vulnerable adult under this statute.

Stated another way, we conclude that the complainant's visible injuries resulting from his encounter with appellant were noticeable to lay persons, and were of such severity that the failure to report the matter as administratively required constituted neglectful behavior of a vulnerable adult in violation of the statute. We therefore conclude there is adequate evidence to support the judgment. Accordingly, the judgment is affirmed.

*So ordered.*