**WHEELER v. WHEELER.**

No. 10472.

United States Court of Appeals
District of Columbia Circuit.

Decided Feb. 15, 1951.

Otho D. Branson, Washington, D. C., for appellant.

M. Edward Buckley, Jr., Washington, D. C., for appellee.

Before FAHY and WASHINGTON, Circuit Judges, and WILKIN, District Judge (retired) sitting by designation.

WASHINGTON, Circuit Judge.

This appeal raises the question whether the United States District Court for the District of Columbia may properly award to a wife who obtains a divorce decree a portion of her husband's real property.

Appellant does not here question the propriety of the divorce granted to his wife by the District Court's decree, but claims

error in the award to her of property, alimony, and counsel fees. The trial court awarded the appellee wife "a 35% interest," less certain deductions, in each of two pieces of real property, one of which was held solely in the husband's name and the other in the name of the husband and wife jointly; the appellee was also awarded $40 a month permanent alimony and $300 counsel fees. Appellant contends that the entire award was an abuse of discretion and, further, that the award to the wife of property owned solely by the husband is not authorized by the District of Columbia Code. The appellee contends that there was no abuse of discretion, and that, with respect to the realty, the decree merely settled property rights as authorized by section 16–409 of the District of Columbia Code.

■ As to the court's award of property held by the husband and wife jointly, the matter is clear. Section 16–409 of the Code specifically authorizes the court to apportion such property in an equitable manner: it provides that upon the entry of a decree of divorce "all property rights of the parties in joint tenancy or tenancy by the entirety shall stand dissolved and the court, in the same proceeding in which such decree is entered, shall have power and jurisdiction to award such property to the one lawfully entitled thereto or to apportion the same in such manner as shall seem equitable, just, and reasonable." But section 16–409 does not, contrary to appellee's contention, empower the court to award the wife an interest in the property which is owned by the husband alone, for by its terms it relates solely to property held in joint tenancy or tenancy by the entirety.[1] The question is thus presented whether the court has power from some other source to award the wife an equity in property owned by the husband.

■ If the wife were found to have some interest, some claim of right, whether legal or equitable, in the property involved, the answer would be at hand: it is settled that in a divorce proceeding the court may adjudicate the property rights of the spouses, and award the wife property which belongs to her. Reilly v. Reilly, 86 U.S. App.D.C. 345, 182 F.2d 108. It is not clear whether the instant case was decided on such a basis. We cannot tell from the findings made by the District Court whether it predicated the award upon a determination that the wife had a legal or equitable interest in the property, or whether it merely decided that because of the contributions she had made toward the maintenance of the household she should be given a share of the property. If the court acted upon the latter premise, the award does not fall within the ambit of the Reilly decision, and the question remains whether the court exceeded its authority.

■ There is no provision of the District of Columbia Code specifically authorizing the District Court, in a divorce proceeding, to award to one spouse property of which the legal and equitable title is in the other spouse. Pertinent, however, is section 16–411, which provides: "When a divorce is granted to the wife, the court shall have authority to decree her permanent alimony sufficient for her support and that of any minor children whom the court may assign to her care, and to secure and enforce the payment of said alimony in the manner before mentioned, and may, if it shall seem fit, retain to the wife her right of dower in the husband's estate. (Mar. 3, 1901, 31 Stat. 1346, ch. 854, § 976.)"

Is an award of the husband's property permissible under the section just quoted, under the label of alimony? The provision authorizing the court "to secure and en-

---

1. Further, the above-quoted portion of section 16–409 is concerned solely with matters of procedure and not with the substantive powers of the court. It merely authorizes the court to settle, in one proceeding, the parties' marital status and rights as to certain types of property holdings; prior to the statute, the present Federal rules as to joinder not then being in force, separate actions were required to settle the two matters, joinder being impermissible. Richardson v. Richardson, 72 App.D.C. 67, 112 F.2d 19; H. R.Rep.No.1532, 74th Cong., 1st Sess., p. 4 (1935).

force" the alimony payment is not of assistance here; it refers back to section 16–410, which has no direct present bearing.[2] Only in the last clause of section 16–411, i.e., that dealing with the wife's right of dower, does Congress specifically authorize the courts to grant the wife an interest in the husband's real property. And even there the power given is to grant a continuation of the dower interest, that is, to permit the wife to retain a right she already possesses and would continue to possess but for the divorce. Under familiar principles of statutory construction it would appear that the quoted section was not intended to repose in the courts any other or broader power to award the real property of one spouse to the other.

Turning from the statutory language to general principles of equity jurisprudence, we find that the question of the court's power over the husband's real property often has arisen in other jurisdictions. And the courts have generally agreed that, absent more explicit statutory authorization, a statute empowering the court to grant alimony does not give the court power to award the husband's property to the wife in lieu of, or in addition to, the sum of money allowed for her support; such action has been considered to be beyond the court's jurisdiction. See cases collected in 133 A. L.R. 860, et seq. (1941); 2 Nelson, Divorce and Annulment § 14.104 (2d ed. 1945). This is so even where the court's powers to grant alimony in connection with an absolute divorce are not exclusively statutory but are also derived from the court's general equity jurisdiction. Bray v. Landergren, 161 Va. 699, 172 S.E. 252; Ring v. Ring, 185 Va. 269, 38 S.E.2d 471, 165 A.L.R. 1237.

■■ We think that absent some right or element of ownership, legal or equitable, on the part of the wife, in property of the husband, it is error for the court to order the transfer of that property to her. We agree with the great weight of authority that such power is not included in an authorization to grant alimony. The policy underlying the alimony statutes is not punishment for a wrongdoing husband. Rather, it is to insure that where the wife is entitled to support, she will receive it, and not become a public charge. Under the code the court may secure payment of alimony by ordering the husband not to dispose of his property. D.C. Code §§ 16–411, 16–410. And if the husband fails to meet his obligations, the court may order his property sequestered, or even commit the husband for contempt. Ibid. Further, under appropriate circumstances, the court may make the amount of alimony payable dependent upon whether or not the husband puts certain property at the wife's disposal. For example, this court has upheld an award of alimony and support which provided that the wife was to receive $50 a week from the husband if she were permitted to occupy the family home, owned by the husband, rent free, or $75 a week from the husband if she were not so permitted. Jaffe v. Jaffe, 74 App.D.C. 394, 124 F.2d 233. The courts thus possess a variety of means for the enforcement of an award of alimony.

■ As we have noted, under the present state of the findings of fact and conclusions of law of the District Court, we are unable to tell with certainty whether the court determined that the wife had an interest in the property held in the husband's name. We must therefore set aside the portion of the award relating to that property and remand the case to the District Court for further findings. Campbell v. Campbell, 83 U.S.App.D.C. 237, 170 F.2d 809; Fed.R.Civ.P. 52(a), 28 U.S.C.A. Further, while we think the award to the wife of an interest in the property held in joint tenancy was within the court's authority, we

2. Section 16–410 provides, in pertinent part: "During the pendency of a suit for divorce * * * the court shall have power to require the husband to pay alimony * * * and to enforce obedience to any order in regard thereto by attachment and imprisonment for disobedience. The court may also enjoin any disposition of the husband's property to avoid the collection of said allowances, and may, in case of the husband's failure or refusal to pay such alimony and suit money, sequestrate his property and apply the income thereof to such objects."

believe that it is so closely related to the other award of property that we cannot treat it separately. The District Court treated the two together. Similarly, we do not think it appropriate to make a determination concerning the award of $40 a month alimony and $300 counsel fees until the property matter is settled, for if the property award is altered, the District Court may desire to change its allowances as to alimony and counsel fees. As we have stated, the divorce aspect of the decree is not here on appeal. Accordingly, we set aside the portion of the decree appealed from and remand the case to the District Court for further findings and for such further decree as may be regarded as appropriate by the court in view of this opinion.

So ordered.