## KELEHER v. KELEHER (three cases).
### Nos. 10647–10649.

United States Court of Appeals,
District of Columbia Circuit.

Argued May 23, 1951.

Decided July 5, 1951.

James J. Laughlin, Washington, D. C., for Anna T. Keleher. Albert J. Ahern, Washington, D. C., also entered an appearance on behalf of Anna T. Keleher.

Alvin L. Newmyer, Washington, D. C., with whom Mr. Alvin L. Newmyer, Jr., Washington, D. C., was on the brief, for John B. Keleher.

Before PRETTYMAN and WASHINGTON, Circuit Judges, and LEDERLE, District Judge (sitting by designation).

PER CURIAM.

Mrs. Keleher appeals from the decree of divorce granted her husband by reason of her desertion,[1] and from the denial of her petition for a limited divorce based on his cruelty.[2] In this aspect of the litigation we find no error, and the action of the District Court will to that extent be affirmed. We likewise affirm the action of the District Court in awarding counsel fees to Mrs. Keleher.[3]

Mr. Keleher appeals[4] from an award of alimony and property to his wife, as reflected in the following conclusion of law reached by the trial court:

1. No. 10649.
2. No. 10647.

3. No. 10648, in which Mr. Keleher is the appellant.
4. No. 10648, supra, note 3.

"2. The plaintiff, as husband of the defendant, should be required to pay her the lump sum of $60,000.00 as final permanent alimony in lieu of and in release of all her claims and rights against plaintiff and his estate. This lump sum of $60,000.00 to be paid as final permanent alimony shall be additional to and beyond the $60,000.00 taken from the joint safe deposit boxes by defendant and retained as above mentioned, and the said $60,000.00 so taken from said safe deposit boxes and retained by defendant shall, by virtue of the judgment of the Court in this action, become and continue to be the property of the defendant solely."

With regard to the second item mentioned, it appears that while her husband was absent from the city, just prior to their final separation, Mrs. Keleher opened two safe deposit boxes held in their joint names and removed therefrom funds belonging to her husband in the amount of $60,000.00. There was no claim by Mrs. Keleher that she owned these funds. The action of the trial court with respect to these abstracted funds, when coupled with the award of $60,000.00 in lump sum alimony, amounted to a grant to the wife of a total of $120,000.00: "a sum," to quote the court, "which is in excess of 35% of the total value of * * * [the husband's] property, as established by the record in this cause of action." (Finding of Fact No. 6)

 Subsequent to this action by the District Court, we rendered our decision in Wheeler v. Wheeler, 88 U.S.App.D.C. 193, 188 F.2d 31, 33, where we said that "absent some right or element of ownership, legal or equitable, on the part of the wife, in property of the husband, it is error for the court to order the transfer of that property to her."[5] While the question then before us related to real property, we think that the same underlying reasoning precludes the sort of division of the husband's funds and other property which was ordered in this case. We recognize

the power of the trial court, in the exercise of discretion, to make awards of a character reasonably to be included in the concept of support and maintenance. Quarles v. Quarles, 86 U.S.App.D.C. 41, 179 F.2d 57. But the right to support is not the right to endowment, and the present award falls clearly in the latter category. Alimony is intended as a means of carrying out the husband's obligation to provide support; its amount must be measured by tests bearing a sound relationship to that objective; and it cannot be used as a device for dividing up the husband's property.

We will accordingly remand this aspect of the case to the District Court for reconsideration of its action, and for entry of an order consistent with this opinion.

No. 10647 and No. 10649 are affirmed; No. 10648 is affirmed in part, reversed in part and remanded.

---

5. We added in the same case that "the court may adjudicate the property rights of the spouses, and award the wife property which belongs to her": citing Reilly v. Reilly, 86 U.S.App.D.C. 345, 182 F.2d 108.