## BAILEY *v.* BAILEY

[No. 102, September Term, 1958.]

*Decided January 19, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*George B. Woelfel* for the appellant.

*Thomas J. Wohlgemuth* for the appellee.

HAMMOND, J., delivered the opinion of the Court.

A husband appeals from an amended decree that, on the wife's bill for alimony, awarded her $50.00 a week, plus the husband's half of the net income from a dwelling owned by the entireties and leased to others.

The husband does not deny that he must pay alimony and support for the couple's eighteen-year old daughter, but contests the amount awarded. After a long hearing, the chancellor, on January 22, 1958, awarded alimony and support in the amount of $60.00 a week, plus the husband's share of the rent from the jointly owned property. The wife had worked all during the twenty-four years of the marriage, but, because of illness, was not employed during the period of the court proceedings up to the first decree. Five days later,

she took a position with a building association. The husband petitioned for a reduction in the alimony and after another hearing, the chancellor, on March 15, 1958, passed the decree appealed from, reducing the weekly payments from $60.00 to $50.00.

There is no doubt that the chancellor was without power to award the wife the husband's share of the rental income from the real estate owned by the entireties. Even in suits for divorce, the statute, Code 1957, Art. 16, Sec. 29, grants the equity courts power to deal with personal property only, not real property, and this is not a suit for divorce but one for alimony and support. "This being a suit for separate maintenance, and not covered by any statutory provision, there was therefore no power in the chancellor to transfer the property of either spouse to the other or to adjust the property rights of the parties." *Brown v. Brown,* 199 Md. 585, 591. To the same effect are *Hull v. Hull,* 201 Md. 225, 232; *Brown v. Brown,* 204 Md. 197, 210; *Wardrop v. Wardrop,* 211 Md. 14, 19. This is not a case where the court did no more than take into account the income from the property owned by the couple in fixing the amount of alimony, nor is it one where the court exercised general equity jurisdiction to appoint a receiver for, or require an accounting as to the income from, property owned by the entireties (there is a relevant discussion of these problems in *Wardrop v. Wardrop, supra,* at page 19, *et seq.,* of 211 Md., and they were dealt with in *Smith v. Smith,* 211 Md. 366). There was error in the provision of the decree appealed from as to the property owned by the entireties.

We think that the chancellor also was clearly wrong in awarding as much alimony as he did. The husband's take-home income was a little over $100.00 a week, the wife's about $40.00 a week. Under the tests that have been re-iterated in the cases, (such as *Waters v. Waters,* 191 Md. 436; *Donigan v. Donigan,* 208 Md. 511, 521; and *Newmeyer v. Newmeyer,* 216 Md. 431, 434), it is our judgment that an award of $35.00 a week would have been adequate and proper under the circumstances that were before the chancellor at the time of the second decree. If the situation changes, either

as to the income of the husband or the wife, or the needs of the wife are less because the daughter becomes self-supporting or marries, or more because the wife cannot work, or for other reasons, there can always be an adjustment of the amount to be paid.

While the record on appeal was being prepared, counsel for the husband objected to the inclusion of the testimony in the two hearings before the chancellor, saying that they dealt with the liability to pay and the husband had come to admit that the wife was entitled to alimony. He wrote counsel for the wife that unless it was stipulated that the testimony need not be included, he would ask this court to direct the wife to pay the costs of its inclusion. The testimony was included in the transcript and the husband has moved that we require the wife to pay its costs. Maryland Rule 826 c 2 provides that the parties may stipulate, or, if they are unable to do so, the lower court may order that only such part of the testimony as is deemed necessary for the appeal may be included as a part of the record. This section and Sec. e of the same rule make it plain that the lower court can control the matter if the parties are unable to agree. Appellant admits that he did not ask the lower court to act as to the testimony as the rule contemplates. The motion is denied.

> *Decree reversed and case remanded for the passage of a decree not inconsistent with this opinion; appellant to pay the costs.*