**Anna PHELPS, Appellant,**

**v.**

**Alex WILLIAMS, Appellee.**

**No. 3214.**

District of Columbia Court of Appeals.

Argued May 13, 1963.

Decided July 22, 1963.

Benjamin F. Rossner, Washington, D. C., for appellant.

Tench T. Marye, Washington, D. C., for appellee. Robert C. Hilldale, Washington, D. C., also entered an appearance for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

This appeal involves the enforcement by the Domestic Relations Branch of the trial court of certain provisions of a decree of an Ohio court which granted appellant a divorce from appellee. The portion of the decree here involved is as follows:

"The Court further finds that the parties hereto are the joint owners of the following described real estate:

"Situated in the City of Washington, District of Columbia and known as being Lot Nos. 54, 55, 856 and 857 and further known as 4441 'B' Street, S.E. Washington, D. C.

"It is further ordered, adjudged and decreed that the defendant shall quit claim to the plaintiff all his right, title and interest in and to the above described real estate as and for her alimony herein. In the event the defendant shall fail to convey said property as herein ordered within 10 days from the date hereof, then and in that event this decree shall operate as such conveyance and the plaintiff shall hold and own said real estate free from any claim on the part of the defendant herein by way of dower or otherwise."

Appellee failed to comply with the provision ordering him to convey his interest in the real estate to appellant, and she brought this action to compel his compliance.

After a hearing the trial court dismissed the complaint on the ground that the Ohio court lacked jurisdiction to vest title in the wife to real estate located in the District of Columbia and consequently its judgment was not entitled to full faith and credit.

Before considering the question presented it is well to observe that there is no question here of the power of the Ohio court to grant the divorce. The wife's residence in Ohio for the required period was established, the husband was personally served in Ohio and he was represented by counsel in the Ohio proceedings. The signatures of counsel for both husband and wife appear at the foot of the decree under the word "APPROVED."

■ We of course agree with the trial court that the Ohio decree could not operate directly upon or affect title to the District of Columbia real estate, and that part of the decree which sought to effect a conveyance of title to the wife free from any interest of the husband was wholly ineffective. Fall v. Eastin, 215 U.S. 1, 30 S. Ct. 3, 54 L.Ed. 65; McRary v. McRary, 228 N.C. 714, 47 S.E.2d 27; Sharp v. Sharp, 65 Okl. 76, 166 P. 175, L.R.A.1917F, 562. But it does not necessarily follow that appellant is entitled to no relief.

The Ohio court had personal jurisdiction over appellee and had authority to order him to pay alimony to appellant, and under the law of Ohio alimony may be allowed in real property.[1] In this case the Ohio court ordered appellee to convey the real estate to appellant "as and for" alimony. Thus, although the Ohio court could not by its decree directly act upon the title to the District of Columbia real estate, it could and did impose a personal obligation upon appellee to convey such real estate to appellant as and for her alimony.

■ The Domestic Relations Branch of the trial court is authorized to enforce a decree for alimony granted in another jurisdiction,[2] and while ordinarily such decrees require the payment of money instead of conveyance of property, we see no valid objection to the enforcement of any personal obligation imposed upon the husband for the support of his wife by the court of another state, provided, of course, that such court had jurisdiction to impose such obligation.[3]

1. Ohio Rev.Code Ann.1960, § 3105.18 provides:
    "The court of common pleas may allow alimony as it deems reasonable to either party, having due regard to property which came to either by their marriage, the earning capacity of either and the value of real and personal estate of either, at the time of the decree.
    "Such alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, as the court deems equitable."

2. Thomason v. Thomason, 107 U.S.App. D.C. 27, 274 F.2d 89; Gaissert v. Gaissert, D.C.Mun.App., 174 A.2d 195; Diesenhof v. Glass, D.C.Mun.App., 186 A.2d 892.

3. Although in this jurisdiction there cannot be an award of the husband's property to the wife in lieu of alimony (Wheeler v. Wheeler, 88 U.S.App.D.C. 193, 188 F.2d 31), such an award by a court of another jurisdiction, acting under statutory authority, is not contrary to any public policy of this jurisdiction.

Appellee was subject to the jurisdiction of the Ohio court and that court granted appellant a divorce and made a final determination of the rights of the parties with respect to support for the wife. Appellee has the burden as well as the benefit of that determination. There was imposed upon appellee a personal obligation to convey the real estate and such obligation should be recognized and enforced here. McElreath v. McElreath, 162 Tex. 190, 345 S.W.2d 722; Rozan v. Rozan, 49 Cal.2d 322, 317 P.2d 11.

Reversed and remanded for further proceedings in accordance with this opinion.