Permelia C. **PEARSALL** and Robert H. **Hill**,
Appellants,

v.

Harold C. **PEARSALL**, Appellee.

No. 3289.

District of Columbia Court of Appeals.

Argued Nov. 4, 1963.

Decided Feb. 5, 1964.

Thurman L. Dodson, Washington, D. C., for appellants.

Joseph H. Schneider, Washington, D. C., with whom Albert Ginsberg and Herbert D. Horowitz, Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

This appeal is by a wife and a corespondent from a judgment granting the husband a divorce on the ground of adultery and denying the wife any share in the real estate owned by them as tenants by the entirety.

The wife contends the evidence was insufficient to sustain a finding of adultery on her part. Without reciting the evidence contained in the voluminous record, it is sufficient to say that the evidence for the husband, if accepted by the trial court, furnished a substantial basis for the finding.

As a collateral point, the wife contends that the trial court was obviously confused as to the date when adultery occurred. There is no doubt of some confusion on the part of the court in making its oral findings at the conclusion of the evidence. The court apparently at first was of the impression that the husband and his witness Butler testified to the same occurrence, when in fact they testified to different occurrences on different dates. But it is clear that the court found Butler's testimony reliable and based its findings on his testimony. The initial confusion was not so great as to vitiate the ultimate findings.

A third contention is that the trial court exhibited prejudice against the wife's mother, a witness for her. It is claimed that this prejudice is demonstrated by the fact that the court asked sixty-one separate questions of the witness during her cross-examination, and only three during her direct examination. If the number of questions asked by the trial judge is to be taken as the test of his lack of impartiality, it would appear that the judge was also prejudiced against the husband, for during the husband's examination the court asked a total of seventy-three questions. It is evident that in the course of the trial the judge asked many questions of all witnesses, and while some of the questions appear to have been unnecessary, it is also evident that the judge was seeking to arrive at the truth from a mass of contradictory and, at times, unsatisfactory testimony. We cannot hold that the record sustains the contention of prejudice on the part of the trial court.

The final contention is that it was error to deny to the wife any share in the home property held by her and the husband as tenants by the entirety. The wife's contention appears to be that regardless of the finding of adultery, she was entitled as a matter of law to receive at least the amount she had contributed to the purchase of the same, but such is not the law. Our statute [1] provides that upon entry of a final decree of annulment or divorce all property rights of the parties in joint tenancy or in tenancy by the entirety shall stand dissolved and the court "shall have power and jurisdiction to award such property to the one lawfully entitled thereto or to apportion the same in such manner as shall seem equitable, just, and reasonable."

The statute allows the trial court a broad discretion in the award or apportionment of jointly held property,[2] and on the record before us we find no abuse of discretion.[3]

Affirmed.

1. Code 1961, 16–409.

2. Lundregan v. Lundregan, D.C.Mun.App., 176 A.2d 790 (1962).

3. Cf. Oxley v. Oxley, 81 U.S.App.D.C. 346, 159 F.2d 10 (1946).