428 P.2d 156

Ronald E. **LITTLE**, Executor of the Estate of John E. Little, Deceased, Plaintiff and Respondent,

v.

Leonard **ALDER** and Thera Lou Hickman, Executrix of the Estate of Dorothy L. Little, Deceased, and Launa Lee Ann Larson, Defendants and Appellants.

No. 10492.

Supreme Court of Utah.

June 2, 1967.

Don V. Tibbs, Manti, for appellants.

Richard C. Dibblee, Salt Lake City, for respondent.

TUCKETT, Justice:

The plaintiff Ronald E. Little, executor of the estate of John E. Little, commenced suit against the defendants, Leonard Alder and Thera Lou Hickman, executrix of the estate of Dorothy L. Little, for specific performance of an agreement for the sale and purchase of a farm and certain water rights owned by Alder. Alder tendered into court conveyances of the property he had agreed to sell to be delivered to the person found entitled thereto. The defendant Alder did not participate further in the proceedings. Defendant Launa Lee Ann Larson, having reached the age of majority, was substituted for the defendant, Thera Lou Hickman as executrix. The defendant Launa Lee Ann Larson, by way of a counterclaim, claims that she is the beneficiary of a resulting trust which should be impressed on properties purchased with the separate funds of the late Dorothy L. Little.

Dorothy L. Little, formerly Dorothy Larson, was married to John E. Little during the month of July, 1962. Dorothy Larson Little was the mother of Launa Lee Ann Larson, her child by a prior marriage. As of June 1, 1960, Dorothy L. Larson had on deposit with the Manti City Bank the sum of $10,679.45. Thereafter Dorothy Larson deposited various sums of money in the account in the approximate sum of $26,354.00. The late John E. Little also made deposits in the account totaling the sum of $1,135. On August 8, 1962, Dorothy L. Little had the name of John E. Little added to the signature card of the bank, so that the account stood in the names of

Dorothy Larson or John E. Little. On October 5, 1962, the names on the signature card were changed to read, Dorothy L. Little or John E. Little. The reverse side of the signature card contained an agreement providing that the funds would be held in joint tenancy by the signators, with the right of survivorship. This agreement was not signed by Dorothy L. Little or John E. Little.

In June of 1962, and prior to the marriage of the parties, Dorothy L. Larson had purchased two tracts of land and water rights from Calvin Mickelson. Conveyances in the form of warranty deeds made John E. Little grantee as to one tract and John E. Little and Clarence T. Wall grantees of the second tract. The deeds were recorded at the request of Dorothy L. Little after the marriage.

On or about August 9, 1962, Leonard Alder and John E. Little entered into a written agreement whereby Alder agreed to sell and John E. Little agreed to buy certain farm land, water rights and farm machinery for the sum of $13,500. This agreement was entered into with the knowledge and consent of Dorothy L. Little. At the time the contract was entered into John E. Little paid to Alder the sum of $3,828, and on January 28, 1963, he paid the further sum of $4,686 to be applied upon the contract. The payments made to Alder were in the form of checks drawn on the bank account in the names of John E. Little and Dorothy L. Little.

At the time he delivered the abstracts of title Mr. Alder made inquiry of the Littles as to whom the conveyances should run. At that time John E. Little said: "Make them out to Dorothy." And Dorothy said: "No, you make them out to both of us." John further said: "No, you make them out to Dorothy, the condition my heart is in, I might be dead by Christmas." Both John E. Little and Dorothy L. Little died before the deeds were delivered or the balance of the contract price paid.

The lower court, after examining the evidence of record, was of the opinion that the evidence did not show a resulting trust in favor of Dorothy L. Little which passed to her sole heir, Launa Lee Ann Larson. From that ruling Launa Lee Ann Larson, defendant and counter-complainant, has appealed to this court.

The record shows without conflict that the separate funds of Dorothy L. Little were used in the purchase of the properties now in dispute.

■■■ The decisions we have examined from other jurisdictions are not uniform on the question of whether or not a trust is presumed in favor of a wife as to property purchased from her separate funds. This matter does not appear to have been decided in this jurisdiction. The majority rule is that there is a presumption of a

resulting trust in favor of the wife even though title may have been taken in the name of the husband.[1] The reverse is true where the husband supplies funds for the purchase of property taken in the wife's name.[2] The latter rule is based upon the proposition that under the common law the wife has no duty to support the husband. A presumption of a resulting trust also arises where no relationship exists between one who pays the purchase price and a transferee.[3] The foregoing presumptions are rebuttable. We are of the opinion that the best reasoned cases are those following the majority rule, and we are constrained to follow it. Applying that rule to the case before us, we are of the opinion that those claiming under the husband had the burden of showing that the property was in fact a gift. After canvassing the evidence before us, it appears that plaintiff has failed to sustain that burden except as to a farm tractor which the wife plainly indicated was a gift to the husband, and also the Mickelson property, which was in fact purchased prior to the marriage by Dorothy L. Larson in the name of John E. Little.

We are of the opinion that the decision of the lower court should be affirmed as to the property purchased from Mickelson and the farm tractor mentioned above, and in all other respects the decision is reversed. No costs awarded.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.

1. Stickney v. Stickney, 131 U.S. 227, 9 S.Ct. 677, 33 L.Ed. 136; Keaton v. Pipkins, 10 Cir., 43 F.2d 497; Crawford v. Hurst, 299 Ill. 503, 132 N.E. 521; Mauricau v. Haugen, 387 Ill. 186, 56 N.E.2d 367; Creason v. Wells, 158 Neb. 78, 62 N.W.2d 327; Bogert, Trusts and Trustees, 2d Ed., Sec. 460; Scott on Trusts, 2d Ed., Sec. 442, p. 3033; Restatement of the Law, Trusts, 2d Ed., Sec. 442.

2. Bogert, Trusts and Trustees, 2d Ed., Sec. 459; Restatement of the Law, Trusts, 2d Ed., Sec. 442.

3. Restatement of the Law, 2d Ed., Sec. 440; Bogert, Trusts and Trustees, 2d Ed., Sec. 454.