Elizabeth B. ARGENT, Appellant,

v.

Samuel E. ARGENT, Appellee.

No. 4069.

District of Columbia Court of Appeals.

Argued May 8, 1967.

Decided Sept. 15, 1967.

Samuel Intrater, Washington, D. C., for appellant.

Leon Shampain, Mt. Rainer, Md., for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired).

HOOD, Chief Judge:

Appellant, hereafter called the wife, brought this action for an absolute divorce from appellee, hereafter called the husband. The parties were married in the District of Columbia but subsequently lived in Maryland where they purchased a home,

taking title as tenants by the entirety. After separating the husband moved into the District and the wife continued to live in the Maryland home.[1] The court awarded the wife a divorce on the ground of voluntary separation from bed and board for one year without cohabitation,[2] and denied the wife's prayer that title to the Maryland real property be vested solely in her.[3] The court ruled that it was without jurisdiction to adjudicate title to the Maryland property, and the sole issue here is the correctness of that ruling.

A divorce court in the District of Columbia has no authority "to award the husband's property to the wife in lieu of, or in addition to, the sum of money allowed for her support".[4] However, the Act of August 7, 1935, making a general revision of the divorce law of the District of Columbia, contained the following provision:

Upon the entry of a final decree of annulment or divorce a vinculo, in the absence of a valid antenuptial or postnuptial agreement in relation thereto, all property rights of the parties in joint tenancy or tenancy by the entirety shall stand dissolved and the court, in the same proceeding in which such decree is entered, shall have power and jurisdiction to award such property to the one lawfully entitled thereto or to apportion the same in such

manner as shall seem equitable, just, and reasonable. Code 1961, § 16–409.[5]

The above section contains two provisions. "The first, and basic, provision is that upon entry of a final decree of divorce, all property rights of the parties in joint tenancy or tenancy by the entirety shall stand dissolved. That is substantive law respecting property. The second provision is that the court may in that situation, and in the same proceeding, award or apportion the property left without defined ownership by the first part of the statute."[6] This court has held that the statute allows the trial court a broad discretion in the award or apportionment of the jointly held property.[7]

It is abundantly clear that if the real property here under consideration had been District of Columbia realty, the trial court was authorized to award it to the party lawfully entitled thereto or to apportion it between the parties in such manner as was found to be equitable, just and reasonable. But the property was located in Maryland, and the question is whether the court had jurisdiction to award or apportion Maryland real estate. We have found no case dealing with the precise question. In Ridgely v. Ridgely, D.C.App., 188 A.2d 296 (1963), we expressly reserved the question whether the trial court could order a division of Maryland real estate.[8]

1. Although continuing to reside in Maryland, the wife brought this action in the District under D.C.Code 1961, § 16–902 (Supp. V, 1966), which permits a divorce action where one of the parties has been a resident of the District for one year next preceding the commencement of the action.

2. D.C.Code 1961, § 16–904(a) (Supp. V, 1966).

3. No alimony was sought and none granted.

4. Wheeler v. Wheeler, 88 U.S.App.D.C. 193, 195, 188 F.2d 31, 33 (1951). See also Keleher v. Keleher, 89 U.S.App.D.C. 266, 192 F.2d 601 (1951), cert. denied, 343 U.S. 943, 72 S.Ct. 1037. 96 L.Ed. 1348 (1952).

5. This section with some variation in language now appears in § 16–910 (Supp. V, 1966).

6. Scholl v. Scholl, 80 U.S.App.D.C. 292, 295, 152 F.2d 672, 675 (1945).

7. Pearsall v. Pearsall, D.C.App., 197 A.2d 269 (1964); Lundregan v. Lundregan, D.C.Mun.App., 176 A.2d 790 (1962).

8. In Verges v. Verges, D.C.App., 193 A.2d 208 (1963), we ruled that as no divorce, absolute or limited, was granted, the court lacked authority to apportion the jointly owned real estate whether located in the District of Columbia or in Maryland. In Mazique v. Mazique, D.C.App., 206 A.2d 577 (1965), aff'd, 123 U.S.App.D.C. 48, 356 F.2d 801, cert. denied, 384 U.S. 981, 86 S.Ct. 1882, 16

It is our opinion that Code Section 16–910 (Supp. V, 1966) [formerly Section 16–409] gives the trial court no authority over jointly held property in Maryland. The provision that "all property rights of the parties in joint tenancy or tenancy by the entirety shall stand dissolved" can apply only to District of Columbia real estate. Congress in legislating for the District of Columbia has no power to enact legislation affecting the title to Maryland real estate. The court's authority to "award the property" or "to apportion it" must be limited to the property directly affected by the statute, namely, District of Columbia property.

Appellant argues that even if the trial court cannot enter a decree directly affecting the title to foreign real estate, it had personal jurisdiction over the husband and could order him to convey title. Numerous authorities may be cited for this general proposition.[9] We recognized and gave effect to this proposition in Phelps v. Williams, D.C.App., 192 A.2d 805 (1963), where we held that the trial court could enforce a decree of an Ohio court which in granting a divorce ordered the husband to convey to the wife title to real estate in the District of Columbia. There, at page 806, we said:

Thus, although the Ohio court could not by its decree directly act upon the title to the District of Columbia real estate, it could and did impose a personal obligation upon appellee to convey such real estate to appellant as and for her alimony.

We were careful to point out in *Phelps* that by statute the Ohio court was authorized to award real estate as and for alimony. As we have noted before, the courts of this jurisdiction have no such general power. That is the controlling difference here.

When the divorce decree was entered here, the parties no longer held the Maryland real estate as tenants by the entirety but instead as tenants in common. This resulted not by force of the District of Columbia law or decree,[10] but by force of Maryland law which, giving full faith and credit to the District of Columbia divorce, holds that when parties are validly divorced, real property formerly held by them as tenants by the entirety is held by them as tenants in common. Millar v. Millar, 200 Md. 14, 87 A.2d 838 (1952).[11]

Our conclusion is that (1) Code Section 16–910 (Supp. V, 1966) did not affect title to the Maryland real estate; (2) that by force of Maryland law the parties when validly divorced in the District of Columbia held the Maryland real estate as tenants in common; and (3) that the trial court had no authority to compel the husband to convey his share of the Maryland property to the wife. Accordingly, the trial court properly ruled it had no jurisdiction over the Maryland real estate.

Affirmed.

L.Ed.2d 691 (1966), we ruled only that since the trial court awarded the jointly owned District of Columbia property to the husband, the wife could not complain that the court refused to exercise jurisdiction over the property in Maryland.

9. See Hoppe v. Hoppe, 181 Kan. 428, 312 P.2d 215 (1957); Tischhauser v. Tischhauser, 142 Cal.App.2d 252, 298 P.2d 551 (1956); Phillips v. Phillips, 224 Ark. 225, 272 S.W.2d 433 (1954); Higginbotham v. Higginbotham, 92 N.J.Super. 18, 222 A.2d 120 (1966).

10. "No judgment or decree, except a judgment or decree of a Maryland court, state or federal, can directly operate upon title to, or possession of, Maryland land." Epstein v. Epstein, 193 Md. 164, 66 A.2d 381, 385 (1949).

11. It may be noted that the courts of Maryland in divorce actions have no power to adjust property rights in real property. Smith v. Smith, 227 Md. 355, 176 A.2d 862 (1962); Bailey v. Bailey, 218 Md. 527, 147 A.2d 747 (1959); Lopez v. Lopez, 206 Md. 509, 112 A.2d 466 (1955).