**Elizabeth B. ARGENT, Appellant,**

v.

**Samuel E. ARGENT, Appellee.**

**No. 21310.**

United States Court of Appeals
District of Columbia Circuit.

Argued April 9, 1968.

Decided May 24, 1968.

Mr. Samuel Intrater, Washington, D. C., with whom Mr. Albert Brick, Washington, D. C., was on the brief, for appellant.

Mr. Leon Shampain, Mt. Rainier, Md., for appellee.

Before PRETTYMAN, Senior Circuit Judge, and WRIGHT and ROBINSON, Circuit Judges.

J. SKELLY WRIGHT, Circuit Judge:

Appellant, Elizabeth B. Argent, a Maryland resident, brought suit in the Domestic Relations Branch of the District of Columbia Court of General Sessions for an absolute divorce from her husband, appellee Samuel E. Argent, a resident of the District of Columbia. The parties had been married in the District but thereafter moved to Maryland where they purchased a home, taking title as tenants by the entirety. Subsequently they separated, the husband moving to the District and the wife continuing to live in their Maryland home. The court awarded appellant the absolute divorce on the ground of "voluntary separation from bed and board for one year without cohabitation," 16 D.C.CODE § 904(a) (1967), but, ruling that it was without authority to adjudicate title to Maryland property, denied her request that title to the Maryland real estate be vested solely in her. The District of Columbia Court of Appeals affirmed, 233 A.2d 142 (1967), and this court granted leave to appeal. Since we find that the DCCA's interpretation of the scope of the jurisdiction of the Domestic Relations Branch of the D.C. Courts of General Sessions contrary to relevant authority, we reverse and remand for further proceedings not inconsistent with this opinion.

I

The DCCA assumed that had the property in question been situated in the District, the trial court would have had authority to award and apportion rights in that property. 16 D.C.CODE § 910 (1967) specifically provides:

"Upon the entry of a final decree of annulment or absolute divorce, in the absence of a valid antenuptial or post-nuptial agreement in relation thereto, all property rights of the parties in joint tenancy or tenancy by the entirety shall stand dissolved and, in the same proceeding in which the decree is entered, the court may award the property to the one lawfully entitled thereto or apportion it in such manner as seems equitable, just, and reasonable."

The court recognized, however, that insofar as this section embodied the substantive law of the District of Columbia it is inapplicable to land in Maryland, since "Congress in legislating for the District of Columbia has no power to enact legislation affecting the title to Maryland real estate." 233 A.2d at 144.

Appellant also recognized the unavailability of this section of the Code and consequently sought to have the court exercise its personal jurisdiction over her husband and order him to convey title to his interest in the land. The DCCA agreed that numerous authorities could be cited for the proposition that a court may order a party to convey title to land situated in another state and enforce that order through its general contempt power. See. e. g., Hoppe v. Hoppe, 181 Kan. 428, 312 P.2d 215 (1957); Tisch-

hauser v. Tischhauser, 142 Cal.App.2d 252, 298 P.2d 551 (1956); Phillips v. Phillips, 224 Ark. 225, 272 S.W.2d 433 (1954). Indeed, the court cited its own approval of this principle in Phelps v. Williams, D.C.App., 192 A.2d 805 (1963), wherein it held enforceable a decree of an Ohio court which, in granting a divorce, ordered the husband to convey to the wife title to real estate situated in the District of Columbia. However, the DCCA distinguished the *Phelps* case on the ground that the Ohio court was authorized to award real estate as and for alimony whereas the courts of this jurisdiction have no such general power. This limitation upon the courts of the District of Columbia is derived from case law, principally Wheeler v. Wheeler, 88 U.S.App.D.C. 193, 195, 188 F.2d 31, 33 (1951), wherein Judge Washington stated that the D.C.CODE does not empower the court "to award the husband's property to the wife in lieu of, or in addition to, the sum of money allowed for her support * * *." *See also* Keleher v. Keleher, 89 U.S.App.D.C. 266, 192 F.2d 601 (1951), cert. denied, 343 U.S. 943, 72 S.Ct. 1037, 96 L.Ed. 1348 (1952).

The DCCA then looked to Maryland law, the law of the situs of the land, which, giving full faith and credit to the District of Columbia divorce decree, holds that any real property formerly held by the parties as tenants by the entirety is now held by them as tenants in common. Millar v. Millar, 200 Md. 14, 87 A.2d 838 (1952). The court concluded that by force of that law the husband possessed an interest in the land as a tenant in common and, since the trial court has no authority to compel the husband to convey his interest in real property to the wife in lieu of or in addition to alimony, the relief requested by the wife must be denied.

## II

 We cannot accept such an analysis as dispositive of the problem. The court was correct in noting that Section 910 applies only to property located in the District of Columbia, but it was incorrect in assuming that if that section

was inapplicable the inquiry was closed. Admittedly it is the only relevant provision in the Code which speaks of awarding and apportioning property rights, but 11 D.C.CODE § 1141 (1967), which is the general jurisdictional grant to the Domestic Relations Branch, specifically provides that the court shall have exclusive jurisdiction of "determinations and adjudications of property rights, both real and personal, in any action * * *" for divorce. The difference between "award and apportion" and "determine and adjudicate" is simply the difference between directly and indirectly affecting title to land; Sections 910 and 1141 therefore reflect the distinction noted above that the power to affect directly title to land resides solely in the courts of the state of the situs of the land, but that title may be indirectly affected by courts of another state having personal jurisdiction over the parties. In other words the court having *in personam* jurisdiction over the parties must determine which party owns each bit of property, and upon that determination can direct the parties to execute such instruments as are necessary to effectuate that adjudication. This does not involve the transfer of property interests owned by one party to the other. Accordingly, even though the property was such that the court could not award and apportion, the court still had jurisdiction to determine and adjudicate the rights of the parties before it.

 It is this authority to determine and adjudicate that the trial court declined to exercise. The DCCA seemingly justifies this declination on the ground that a determination and adjudication is precluded by the Maryland law which holds that, when parties are validly divorced, real property formerly held by them as tenants by the entirety, until otherwise apportioned in an appropriate Maryland court, is held by them as tenants in common. We do not agree that this law precludes our courts from exercising their authority to determine and adjudicate property rights under 11 D.C.CODE § 1141. It simply allows title

to vest somewhere once the parties are no longer husband and wife since Maryland divorce courts have no power to adjust property rights in real property.[1] Smith v. Smith, 227 Md. 355, 176 A.2d 862 (1962); Bailey v. Bailey, 218 Md. 527, 147 A.2d 747 (1959); Lopez v. Lopez, 206 Md. 509, 112 A.2d 466 (1955). It does not settle the rights of the parties, nor does it foreclose an adjustment of those rights by other courts of the state.

■ In the District of Columbia there is no comparable jurisdictional hiatus. A divorce decree here has the effect of dissolving all rights in property held in a joint tenancy or tenancy by the entirety. But the District of Columbia courts are authorized to adjust and apportion property rights in such property and, in fact, must do so in the same proceeding in which the divorce decree is entered.[2] Consequently, in the District title vests immediately after the divorce in the proper parties and there is no need for an interim allocation of interests as tenants in common.

A remand for a full determination and adjudication of the rights of the parties in the Maryland property is therefore necessary. The DCCA correctly noted that a divorce court in the District of Columbia is not authorized to award a husband's property to the wife in lieu of or in addition to alimony. Wheeler v. Wheeler, *supra,* 88 U.S.App.D.C. at 195,

188 F.2d at 33. But, rather than foreclosing inquiry into the rights of the parties, this rule underscores the necessity for such an adjudication since the rule becomes relevant only if the court has determined that property, or a portion thereof, belongs solely to the husband. Here, however, the property in question was purchased during the marriage and held as a tenancy by the entirety, thus indicating that the wife as well as the husband has some interest. On remand, therefore, the court must first heed the following statement from the *Wheeler* case:

"If the wife were found to have some interest, some claim or right, whether legal or equitable, in the property involved, the answer would be at hand: it is settled that in a divorce proceeding the court may adjudicate the property rights of the spouses * * *." 88 U.S.App.D.C. at 194, 188 F.2d at 32.

Once such a determination and adjudication of ownership has been made, the court may require, pursuant to its *in personam* jurisdiction, the execution of whatever deeds or other instruments are requisite to effectuate its adjudication, 11 D.C.Code § 1161 (1967), so long as the court does not order the husband to convey to the wife property, or a portion thereof, which the court has determined, legally or equitably, is his own.

Reversed and remanded.

1. In his brief, appellee relies solely on the fact that the Maryland divorce courts have no power to adjust rights in real property. His argument, briefly stated, is that since the Maryland courts cannot adjust property rights in such property, a District of Columbia divorce court cannot adjust property rights in such property, and he cites cases holding that the law of the situs of the land governs with respect to its acquisition, disposition and devolution. We find this reliance misplaced. It is not disputed that, where substantive questions of real property law are in issue, the law of the situs will prevail. However, we are not faced with such issues, but rather with the remedial powers of a court. With respect to the latter, the law of the forum is the proper choice of law. RESTATE-

MENT, CONFLICT OF LAWS § 585 (1934). Indeed, in the *Phelps* case discussed in text, the District of Columbia court held enforceable an Ohio decree which ordered the husband to convey to his wife his real property located in the District of Columbia even though the District of Columbia court cannot award the husband's property to the wife.

2. As noted above, this authority is found in 16 D.C.Code § 910, which does not apply *per se* to land situated outside the District of Columbia. However, with respect to such land the substance of § 910 is applicable although, as also noted above, the enforcement power is limited to determination and adjudication under 11 D.C. Code § 1141 rather than § 910's award and apportionment.