Jane L. SIRIANNI, Appellant,

v.

John F. SIRIANNI, Appellee.

No. 8000.

District of Columbia Court of Appeals.

Argued Sept. 18, 1974.

Decided May 22, 1975.

Rehearing Denied June 25, 1975.

Pierre E. Dostert, Washington, D. C., for appellant.

Walter W. Pitsenberger, Bowie, Md., for appellee. Joseph D. Gelb, Washington, D. C., also entered an appearance for appellee.

Before REILLY, Chief Judge, and KELLY and GALLAGHER, Associate Judges.

KELLY, Associate Judge:

Appellant-wife appeals from a judgment of divorce in which she was denied alimony and in which the trial court ruled that no binding agreement existed between the parties with respect to the disposition of certain real property in the State of Washington. It is the contention of the wife that the denial of alimony was an abuse of discretion because the trial judge erroneously excluded evidence of her financial contributions to the household during the marriage. In addition, the wife argues that a valid property settlement agreement arrived at in correspondence between counsel should have been enforced at trial.

The parties were married in 1963 and separated in 1969. Each had been married previously and each had children from the prior marriage. On December 6, 1972, the husband, a retired Army lieutenant colonel then living in the District of Columbia, sued for divorce on the ground of voluntary separation. The wife, a doctor of psychology, was then employed as a clinical psychologist by the Veterans Administration in Illinois. It also appears from the record that sometime after May 1969, when the husband left the couple's home in Maryland to reside in Virginia, the wife obtained a temporary order of support in the sum of $300 per month from the Circuit Court of

Fairfax County, Virginia. In October of 1969, when the wife obtained employment, this order was modified to $100 per month. When, after February of 1971, the husband ceased to make payments under the support order, the wife brought an action for arrearages in the Virginia court and obtained judgment therefor.[1]

The parties originally intended that the divorce action be heard on the uncontested calendar. To facilitate the resolution of issues in the case, the husband's then attorney communicated a settlement offer to the wife on March 6, 1973, which stated:

"Col. Sirianni has authorized me to offer the following in full settlement of their claims against each other as follows:

$1,000.00 cash;

He will relinquish his equity in the house in Washington State to Dr. Sirianni.

His inducement to make such an offer is simply to expedite this case and to avoid paying an even higher fee to me, and for no other reason."

\* \* \* \* \* \*

The wife's attorney replied on May 9, 1973, as follows:

"I enclose an original and two copies on an uncontested praecipe in the above action bearing my signature.

It is not necessary to have a property agreement drafted and executed for this divorce. Our correspondence reflects the basis of settlement. . . .

Your client should bring with him a cashier's or certified check payable to Jane L. Sirianni on the day of hearing, which I will transmit to her. I enclose the original of the order you prepared with necessary corrections. This procedure will fully protect your client."

\* \* \* \* \* \*

Assuming, as appellant contends, that these communications constituted an agreement that the husband would give up the specified property interests and the wife would expedite the divorce action by not contesting it, there was testimony at trial that just before the previously scheduled uncontested hearing the husband breached the purported agreement by insisting his name be removed from the mortgage on the Washington property. The case was then set for trial. In the interim, the wife took no steps to specifically enforce the agreement, and at that point seemingly regarded the transaction at an end. She testified at trial that she thought the offer was fair at the time it was made and that the offer had since been withdrawn. Indeed, she thereafter acted in a manner inconsistent with the agreement herself by pursuing her maintenance suit in the Virginia courts and reducing the arrearages to judgment.

■ Although the wife belatedly attempted to pursue enforcement of the agreement at trial,[2] she did not do so in a manner in which the issue would be appropriate for consideration by the trial

1. The exact amount of arrearages was never proven in this divorce action. The trial court found as a fact that "the defendant [wife] alleged the existence of a support order in an action in the Circuit Court of Fairfax County, Virginia, but that the defendant failed to present competent proof upon which the Court could have given full faith and credit to any order therein."

2. In her answer to the complaint in this action, which was never amended pretrial, she asked the court to (1) withhold all relief prayed for in the complaint until plaintiff is current in support payments ordered by the Fairfax County Circuit Court and thereupon to (2) enter a decree of divorce *a vinculo matrimonii* dissolving the marriage of the parties on the ground of voluntary separation and include in the decree a provision directing plaintiff to pay defendant $100.00 per month for her support and maintenance; (3) award defendant counsel fees and suit money, *pendente lite* and permanently; (4) award such other and further relief which the court may deem just and proper.

court[3] and, as her own testimony indicated, she had let the matter rest after the aborted uncontested hearing. If there ever had been a valid agreement, then, it was rescinded by mutual consent and, as the court stated, there was no agreement in effect at the time of trial. Cooper v. Cooper, D.C. Mun.App., 35 A.2d 921, 923 (1944).

■■ The wife also urges that the denial of alimony cannot stand because the trial judge did not consider the necessary elements to making such an award. These elements were stated in McEachnie v. McEachnie, D.C.App., 216 A.2d 169, 170–71 (1966), to be,

. . . the duration of the marriage, the ages and health of the parties, their respective financial positons, both past and prospective, the wife's contribution to the famly support and property ownership, the needs of the wife and the husband's ability to contribute thereto, and the interest of society generally in preventing her from becoming a public charge. Alimony is not intended as a penalty to be imposed upon the husband nor as compensation to solace the wife for wrongful abandonment by her husband, and her financial situation is a relevant consideration which may limit or even defeat an award. Its objective is to provide reasonable and necessary support to the wife. It must not be used as a device to divide up the husband's property, or as a means of endowment, or to equalize the wife's income with that of her former husband. Nor does our statute compel an award. [Footnotes omitted.]

Oddly enough, however, the wife was not seeking alimony in the usual sense. Her claim was not based on any present need, but rather was for recompense of financial contributions which she made during the marriage.[4] Evidence of the wife's financial contributions to the marriage was nevertheless excluded for it was not sought to be introduced on the issue of alimony but on the question of the wife's entitlement to the husband's interest in the Washington property.[5] The husband's interest in the house, of course, could not have been awarded as alimony, for alimony cannot be used as a device to divide a husband's property in a divorce action. Wheeler v. Wheeler, 88 U.S.App.D.C. 193, 195, 188 F.2d 31, 33 (1951). Accordingly, the trial court's finding that no evidence was offered to substantiate a need for alimony was not only correct, but in light of all the testimony was a sufficient basis for the denial of the requested equitable relief, denominated "alimony in futuro", to the wife.

In the end, counsel for the wife simply urged that all disputed issues between the parties could be resolved by enforcement of the purported property settlement but as we have said, the trial court found that no binding agreement existed at the time of trial. Since we sustain this finding, the judgment on appeal must be

Affirmed.

3. When objection was made under Super.Ct. Civ.R. 15 to the introduction of evidence on the wife's claim for "equitable compensation in futuro", which was not contained in her answer to the complaint, counsel brought the purported agreement to the court's attention. After extended argument, during which the court denied a request to amend the answer and a request for a continuance, the court permitted testimony "dealing with the matter of negotiations and to negate the opening statement to the effect that no formal agreement was reached."

4. Counsel explained to the court that:
There is a demand for alimony in futuro to the extent that such would reflect recompense for the contributions made by the defendant to the plaintiff during the period that they were married. This is not based upon any need of the wife.
. . . We are simply seeking to obtain equitable recompense for the contributions made by this wife during the time that the parties were married by an equitable property adjudication by the Court.

5. The husband testified that he believed the subject property was titled in his name only, but he also said that Washington is a community property state. The court made no disposition of the property.