Donald Carroll McGEAN, Appellant,

v.

Hazel O'Neil McGEAN, Appellee.

No. 8135.

District of Columbia Court of Appeals.

Argued Feb. 26, 1975.

Decided May 23, 1975.

As Amended June 23, 1975.

Rehearing and Rehearing En Banc Denied June 25, 1975.

Donald Carroll McGean, pro se.

Mitchell Myers, Washington, D. C., for appellee.

Before NEBEKER, YEAGLEY and HARRIS, Associate Judges.

NEBEKER, Associate Judge:

■ This appeal by the husband challenges that portion of a divorce decree in which the Superior Court determined that the wife was entitled to a one-half interest [1] in real property located in Upper Marlboro, Maryland. The property had formerly been used as the McGean family residence. Since we find that the wife failed to demonstrate her entitlement to a one-half interest, either as a joint owner of the property or as the beneficiary of a resulting trust, we reverse the determination that the wife was entitled to this share and remand for further findings.

The property at issue was purchased in 1960, subsequent to the marriage of the parties. The deed was made in the name of Mr. McGean only, and he was solely liable on the mortgage. Mrs. McGean did not attend the settlement. Mr. McGean admitted that Mrs. McGean had contributed $400 (borrowed against her insurance) to the original purchase price of the property. The record also reveals that a bank account (in which was deposited a $1,000 check assertedly drawn to Mrs. McGean by her uncle) was applied to purchase the house, although evidence as to what portion of this $1,000 was actually applied to the purchase was lacking. Mrs. McGean testified that for a period of time the fruits of her occasional employment were deposited in bank accounts from which mortgage payments were made, but again she offered no evidence to show what amounts of her deposits were actually ap-

plied to finance the house. The court also found that the proceeds from the sale of certain Harwood, Maryland, property were applied to the purchase of the Upper Marlboro property. Although the Harwood property was jointly owned at the time of its sale, there was never an occasion requiring partition of the proceeds. Thus, it was not previously determined (and the wife failed to demonstrate at trial) to what extent the sale proceeds belonged to her. In short, except for the $400, Mrs. McGean offered no direct evidence of specific amounts of money contributed by her to the purchase of the Upper Marlboro property.

■ Despite the fact that the wife knew that the Upper Marlboro property was in the husband's name only and that he was solely liable on the mortgage, the wife contended that there was an agreement between them that they were joint owners of the property, and the trial court so found. On our review of the record, we find no support for this finding. On examination by her counsel, the following exchange took place:

Q. Mrs. McGean, calling your attention to the purchase of the house in 1960, did your husband discuss dower interest or any other relationships and ownership and rights that you and he may have had in that property?

A. Only that we would have joint ownership.

Q. Was there any misunderstanding about that?

A. No.

Q. Were you ever told any differently?

A. No, I was not.

1. Because the property was located in Maryland, the Superior Court correctly understood that it was empowered to "determine" and "adjudicate" the couple's rights to this prop-

erty, although not to "award" or "apportion" the foreign property. Argent v. Argent, 130 U.S.App.D.C. 46, 396 F.2d 695 (1968).

But nearly immediate recross-examination by the husband revealed:

Q. Now Mrs. McGean, you just testified a little while ago on direct questions to your attorney that you stated that prior to the purchase of the property in Upper Marlboro you discussed joint ownership with your husband.

A. I beg your pardon. If I said that I thought we were discussing [the] Jenifer Street property. [Property in the District of Columbia which the parties subsequently negotiated to purchase for the wife's future residence.] Not Upper Marlboro.

Q. All right. Just to call your attention to the fact that the other day your testimony was that you had no discussion with your husband prior to the purchase regarding ownership of the Marlboro property.

A. We did not have any discussion as to what the ownership of the—right.

Counsel for Mrs. McGean also urged that throughout negotiation of the entire property settlement he and Mrs. McGean had repeatedly referred to some amount of proceeds from the sale of the Upper Marlboro property which should represent the wife's "interest" in that property. However, neither side identified such interest as arising from joint ownership. Until 1970, when dower was abolished in Maryland, the wife possessed such an interest, and knowingly relied on it on at least one occasion. Mrs. McGean's testimony revealed that in later discussions with her counsel about her asserted interest in the Upper Marlboro property, the legal basis (dower or joint ownership) for that interest was not specified. That testimony was as follows:

Q. Mrs. McGean, you just heard [your counsel] testify regarding discussing ownership. Now, earlier you had testified that your interest in the house as far as you know up until the filing of the complaint in Prince George's Circuit Court[2] was predicated upon your dower right.

Was the testimony of [your counsel] regarding his talk with you of ownership for the entire year that you were out of the Marlboro property correct?

A. Yes, it was.

Q. All right, then is this—you are now changing your testimony from earlier that your interests were always referred to as dower rights?

A. I don't recall using the specific terms, Mr. McGean. *We discussed my interest in the house and the part ownership of that house because of the money I had put into that house. I don't recall using any specific terms.* [Emphasis supplied.]

We conclude that the Upper Marlboro property was not jointly owned, but rather solely owned by Mr. McGean.

■ In the District of Columbia the above determination is a significant one. D.C.Code 1973, § 16–910, empowers the Domestic Relations Branch of the Superior Court to apportion, upon a final decree of divorce, property which is jointly owned by the spouses. Wheeler v. Wheeler, 88 U.S. App.D.C. 193, 194, 188 F.2d 31, 32 (1951). The court has broad discretion in such apportionment, and the shares awarded need not simply reflect each party's financial investment in the property. Lundregan v. Lundregan, D.C.Mun.App., 176 A.2d 790 (1962). The court also has broad discretion under D.C.Code 1973, § 16–912, to award alimony and continue a wife's dower interest. But neither of these sections

2. The wife had filed that complaint to impress a trust on the property subsequent to approval by the Maryland court of legislative abolition of dower. The parties later agreed, however, to adjudicate the issue of the wife's interest in the Upper Marlboro property in Superior Court.

**388**

empowers the court to grant to the wife any interest in property solely owned by the husband. Wheeler v. Wheeler, *supra,* 88 U.S.App.D.C. at 194, 188 F.2d at 32. The *Wheeler* court held, however:

> [I]f the wife were found to have some interest, some claim of right, whether legal or equitable, in the property involved . . . it is settled that in a divorce proceeding the court may adjudicate the property rights of the spouses, and award the wife property which belongs to her. [*Id.*]

See also Lyons v. Lyons, D.C.App., 295 A. 2d 903 (1972); Mumma v. Mumma, D.C. App., 280 A.2d 73 (1971); Hunt v. Hunt, D.C.App., 208 A.2d 731 (1965); Mazique v. Mazique, 123 U.S.App.D.C. 48, 356 F.2d 801 (1966). Although the property in the instant case was situated in Maryland, the *Wheeler* line of cases, since they circumscribe the power of the Superior Court, are nonetheless binding. Argent v. Argent, 130 U.S.App.D.C. 46, 49, 396 F.2d 695, 698 (1968).

■ The pertinent question facing this court is whether the wife sufficiently demonstrated an equitable interest in the Upper Marlboro property to justify the trial court's adjudicating a one-half interest in her favor. The court held that "[t]here was at least what amounted to a resulting trust for her benefit." We note preliminarily that since the property here at issue was located in Maryland, the law of Maryland governs the determination of whether the property was impressed with a trust. Curles v. Curles, 136 F.Supp. 916 (D.D.C. 1965).

■ A purchase money resulting trust *normally arises when one party takes title to property and another party provides the consideration.* Sines v. Shipes, 193 Md., 139, 63 A.2d 748 (1949). When there is no relationship between the parties, the law presumes that a stranger does not intend a gift, and, thus, the party paying the consideration is deemed to be the equitable owner, the record owner being his trustee. Howe v. Howe, 199 Mass. 598, 85 N.E. 945 (1908). If a party provides only a portion of the consideration, he is deemed to be a beneficial owner to the extent of his contribution, or a beneficiary *pro tanto.* Sines v. Shipes, *supra;* Fasman v. Pottashnick, 188 Md. 105, 51 A.2d 664 (1947).

■ When the parties are not strangers, however, the law will not necessarily presume that a trust arises. For example, when title is taken in the name of the wife and the consideration is furnished by the husband, jurisdictions uniformly hold that a gift is presumed to have been made, and no trust results in favor of the husband. Hardy v. Hardy, 250 F.Supp. 956 (D.D.C.1966) (applying Maryland law). *See also* Harrison v. Knott, 219 Ark. 565, 243 S.W.2d 642 (1951); Hall v. Bone, 210 Or. 98, 307 P.2d 292, 309 P.2d 997 (1957). *See generally* G. Bogert, Law of Trusts, ch. 7, § 74, at 272 (5th ed. 1973). On the other hand, when title is taken in the name of the husband and consideration is furnished by the wife, there is generally no presumption of a gift, but rather of a purchase money resulting trust in favor of the wife. *See* Lacey v. Van Royen, 259 Md. 80, 267 A.2d 91 (1970); Dixon v. Dixon, 123 Md. 44, 90 A. 846 (1914). *See also* Lamar v. Lamar, 263 Ala. 391, 82 So.2d 558 (1955); Wilson v. Wilson, 257 Ala. 135, 57 So.2d 519 (1952); Hudson v. Clark, 200 Va. 325, 106 S.E.2d 133 (1958). *See generally* G. Bogert, *supra,* at 273–74. For summary of these general rules, *see* Little v. Alder, 19 Utah 2d 163, 428 P.2d 156 (1967), and authorities cited therein.

■ We conclude that the wife was presumptively entitled to a beneficial interest in the Upper Marlboro property. The amount of that interest currently is "in such proportion as the part paid by [her bore] to the total purchase price". Sines v. Shipes, *supra,* 63 A.2d at 755. The burden of proof rested on her to show the amount of that contribution.

In re Estate of Jarodsky, 122 Ill.App. 2d 243, 258 N.E.2d 365, 368 (1970); Fasman v. Pottashnick, *supra*, 51 A.2d, at 666. *Cf.* Sugg v. Morris, 392 P.2d 313, 316 n.9 (Alaska 1964). It is true that payments by the wife made subsequent to the time of the conveyance, and which were "made in accordance with the original intention and understanding . . . established" by the initial payment, may be included in her beneficial interest. Loggins v. Daves, 201 Ga., 628 40 S.E.2d 520, 522 (1946). But any payments made subsequent to the time of conveyance must be made "in fulfillment of an obligation" to pay incurred by the wife at or before the time of conveyance if they are to be included in her beneficial interest. G. Bogert, *supra* at 276. Payments made voluntarily, or pursuant to an arrangement entered into after the conveyance, may not be included. *Id.* Furthermore, payments must be made toward the purchase price. As an example, Bogert, *supra* at 276–77, states that "[p]ayments for improvements on the property, or to discharge taxes, or to pay off mortgages are not a basis for [a purchase money resulting trust], because they do not have the proper objective and also because generally they are made after the deed was delivered and not pursuant to an agreement made at or before the time of purchase."

We reverse the trial court's conclusion that the evidence before it justified an adjudication of a one-half interest in favor of the wife, based as it was either on a finding of an agreement between the spouses that the property was jointly owned or on a finding that the wife was the beneficiary of a resulting trust in that amount. The husband concedes that the wife contributed $400 to the purchase price. We remand the case for a determination, consistent with this opinion, as to what interest, if any, the wife is currently entitled in excess of that proportionate share in the property established by her contribution of $400 to the original purchase price.

The husband also contends that the trial court erred in denying his motion to reduce support payments. The husband and wife had established the amount of support in their settlement agreement which the court incorporated in the divorce decree. The husband sought a reduction of this amount on the ground of his temporary inability to pay and an overstatement of the wife's needs.

The trial judge correctly held that the original support order was conclusive upon the parties, absent a showing by the husband of a material change since the time of the decree in his ability to pay or the needs of the children. *See* Sheridan v. Sheridan, D.C.App., 267 A.2d 343, 345 (1970); Hamilton v. Hamilton, D.C.App., 247 A.2d 421, 422–23 (1968). The record supports the trial court's finding that the husband made no showing of material change in either regard.[3] Accordingly, we find no error in the denial of appellant's motion for reduction in support.

Affirmed in part and reversed and remanded in part.

---

3. The court did recognize that payments on the Jenifer Street property, referred to on p. 386, *supra*, were currently being made by Mrs. McGean's aunt and were therefore not properly included as a current expense of the wife. The court also recognized a potential obligation of the wife to repay the aunt, but for present purposes excluded that from consideration. Nevertheless, without including such payments as an expense, the wife's needs still exceeded the amount of the husband's contributions.